Shirley R. Levittan, J.
The defendant was convicted after trial without a jury, held before another Judge of this cotirt, now retired, who filed a written opinion (People v. Lofton, 73 Misc 2d 285) in which the defendant was found guilty of violating section 145 of the Social Services Law, a misdemeanor, in that while earning $54 per week from employment with the Board of Education, she fraudulently indorsed public assistance checks containing, above her indorsements, printed representations that she had disclosed all her earnings to the Department of Social Services when, in fact, she had concealed such earnings. The conviction was limited to frauds committed during the two-year period of limitations prior to lodging of the complaint and issuance of the warrant. (CPL 30.10, subd. 2, par. [c].) The court further held that the Statute of Limitations was a bar to prosecution of any charges arising from acts committed earlier than two years prior to commencement of the criminal action.
Before sentencing, the question arose of the court’s authority to order restitution or reparation by the defendant in connection with imposing a sentence of conditional discharge or probation rather than a term of incarceration. This issue, as well as the actual imposition of sentence, has been submitted to this court on consent of all parties, due to the retirement of the Trial Judge.
Subdivision 1 of section 65.10 of the Penal Law provides, in general, that the conditions of probation shall be “ such as the court, in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life or assist him to *204 do so.” (Emphasis added.) It thus provides two parameters: discretion and reasonableness.
It is followed by subdivision 2, which states more specifically the conditions relating to conduct and rehabilitation and provides that when ordering a sentence of probation the court may (i.e. permissively), as a condition to sentence, require that the defendant: “ (f) Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby. When restitution or reparation is a condition of the sentence, the court shall fix the amount thereof and the manner of performance ”.
This section establishes alternative conditions — either “ restitution ” or “reparation.” Their distinction is quantitative, restitution consisting of the fruits of the offense, and reparation consisting of an amount the defendant can afford to pay. The choice of either is, by the statutory language, permissive, alternative and discretionary, but must be reasonable.
The People argue that, as a condition of probation or discharge, the court should require the defendant to make restitution (not reparation); and, moreover, restitution not only of the fruits of the offense of which she was convicted, but also the fruits of the similar acts for which prosecution was barred by reason of the Statute of Limitations.
The People’s position is predicated upon two arguments: first, that the Statute of Limitations is a procedural statute of repose, rather than a substantive element of a crime, and thus it is not affirmatively exculpatory; and, second, that, unlike the Federal Probation Act (U. S. Code, tit. 18, § 3651), which limits restitution to “ actual damages or loss caused by the offense for which conviction was had,” the New York Legislature in subsequently enacting its probation statute (Penal Law, § 65.10) did not adopt equivalent language.
The People have characterized the Statute of Limitations “ as the court well knows ” as one ¡of repose rather than substance. This court, however, does not know of such a rule quite all that well, and is aware of a contrary view (People v. Hines, 284 N. Y. 93, 113, 114 and People ex rel. Reibman v. Warden, 242 App. Div. 282, 284). But the alleged distinction ,is not necessarily determinative. Under section 65.10 (subd. 2, par. [f]) of the Penal Law, restitution relates to the fruits of the “ offense.” An offense is defined in subdivision 1 of section 10.00 of thé Penal Law, as “ conduct for which a sentence to a term of imprisonment or to a fine is provided by any law ”. No imprisonment or fine is provided if prosecution is barred by the Statute *205 of Limitations. Therefore, expiration of the period of limitations vitiates adjudication of particular conduct as an offense, whatever the procedural or substantive distinctions; and if no offense can be found, there can be no restitution ¡of its fruits. Such a result appears also contrary to the People’s contention that the New York rule differs from the Federal rule.
The court, however, does not choose to base its conditions on the validity, or lack of it, of that argument. Bather the court relies on the statutory standard of discretion, permissiveness, alternative restitution or reparation and the mandate of reasonableness. It appears to this court that if the defendant cannot afford full restitution, then to condition probation upon it, or upon more reparation than the defendant can afford, not only would ignore the statutory device ¡of reparation, but would be unreasonable, since it would pretend to offer probation upon a condition impossible to satisfy. Such unreasonableness would appear to be the Legislature’s motivation for providing the alternative.
The court believes that the defendant cannot afford full restitution but the court will require some reasonable reparation. The defendant is directed to appear June 14,1974 for imposition of .sentence in accordance with the foregoing.