# PATRICK L. WILLIAMS v. STATE OF MARYLAND

[No. 1184, September Term, 1979.]

*Decided May 12, 1980.*

The cause was submitted on briefs to MORTON, MOORE and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Nancy Louise Cook, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Ray E. Stokes, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *James Dryden, Assistant State's Attorney for Anne Arundel County,* for appellee.

WILNER, J., delivered the opinion of the Court.

In May, 1975, appellant was charged with four counts of burglary. He pled guilty to four counts of breaking and entering, a lesser included offense, and was convicted thereon. On September 5, 1975, he was sentenced by the Circuit Court for Anne Arundel County to five years imprisonment; however, four years of that sentence were suspended in lieu of active probation.

Appellant served that one year in prison and commenced his four-year probation period on September 5, 1976. On October 5, 1979, appellant was found in violation of the conditions of his probation for reasons that are not in dispute here. The court revoked the probation and committed him to prison for *five* years.

This, the court had no authority to do. Md. Ann. Code art. 27, § 642 authorizes a court, in revoking probation, to sentence the person to serve "the period of imprisonment prescribed in the original sentence or any portion thereof." The statute does not permit the court to *increase* the original sentence, however; and, in that regard, the phrase "period of imprisonment prescribed in the original sentence" must be taken to mean the unexpired term thereof. *See Costello v. State,* 240 Md. 164 (1965). A person may not be compelled to serve a sentence, or part of a sentence, that he has already served, for that necessarily involves an increase in the original sentence.

In this case, the maximum period of imprisonment allowable under § 642 would have been four years.

> *Sentence vacated; case remanded to Circuit Court for Anne Arundel County for resentencing; costs shall not be reallocated pursuant to Maryland Rule 1082 f.*