472 A.2d 494

**Marvin Donnell MITCHELL**

**v.**

**STATE of Maryland.**

**No. 748, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

March 12, 1984.

Arthur A. Delano, Jr., Asst. Public Defender with whom was Alan H. Murrell, Public Defender on the brief, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen. of Maryland, Kurt L. Schmoke,

State's Atty. for Baltimore City and Steven Wyman, Asst. State's Atty. for Baltimore City, on brief, for appellee.

Submitted before BISHOP, GARRITY and ADKINS, JJ.

BISHOP, Judge.

On November 28, 1978, Marvin Donnell Mitchell, appellant, pleaded guilty in the Circuit Court for Baltimore City (Karwacki, J.) to forgery. He received a three year suspended sentence, and was placed on three years supervised probation with one of the conditions being that he pay $1,716.25 restitution and $130.00 court costs.

Appellant was later charged with violating the terms of his probation. A hearing was held and probation was revoked. Appellant's three year sentence was reimposed, concurrent with a sentence then being served. He was also ordered to pay $1,592.45 restitution "as a condition of parole."

Appellant initially argues on appeal that the trial court abused its discretion in revoking probation for violation of probationary conditions with which he had not been charged; failure to report to his probation officer, and failure to get his probation officer's permission to leave the state.

The Supreme Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) held that:

"At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. 408 U.S. [471] at 487, 92 S.Ct. [2593] at 2603 [33 L.Ed.2d 484]. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the 'minimum requirements of due process' include very similar elements:

'(a) written notice of the claimed violations of [proba-tion or] parole;' "

\* \* \* \* \* \*

Maryland Rule 775, section (c) states that:

"On the motion of the State's Attorney or on its order the court may hold a hearing to determine whether any condition of probation has been violated. The motion or order *shall state each violation of conditions charged and shall be served on the defendant sufficiently before the hearing to permit him a reasonable opportunity to rebut the charges.* The hearing is to be held whenever practica-ble by the sentencing judge." (Emphasis added.)

Appellant's violation of probation notice charged him with breaching:

Rule # 4 – Obey all Laws
By being convicted of Theft – Case # 08–2–556477 by Judge Fader 1/3/80, in the Towson District Court.

Rule # 9 – Failure to Pay

| | | |
|---|---|---|
| Amount Ordered | – | $1,846.25 |
| Amount Paid | – | 253.80 |
| Balance | – | 1,592.45 |
| Arrears | – | $ 809.25 |

■ At the conclusion of the hearing the court found "beyond a reasonable doubt he [appellant] has violated his probation because he left the state and because he didn't report as required under the probation order, so the verdict will be guilty." Appellant did not object, however, because of the *Gagnon* ruling and the requirements of Maryland Rule 775(c) coupled with the manner in which the evidence was produced, we hold that there was no waiver.

■ The violation of probation notice supplied to appellant did not list charges of failure to report to his probation officer, or failure to obtain his probation officer's permission to leave the state. It seems these charges developed in the course of the court's interrogation of the appellant, which concluded with the court's finding that appellant had violat-

ed his probation because of his failure to abide by these two rules of which he had received no notice of any alleged violation. Under these circumstances, we hold that the court erred and we reverse appellant's probation revocation. See *Broadway v. State,* 298 Md. 237, 468 A.2d 351 (1983).

Appellant also argues three additional issues, one which is moot and of no consequence; however, for the purpose of giving guidance to the trial court, we will discuss the other two issues.

Appellant argues that the revocation hearing court erred in sentencing him to pay restitution as a condition of parole.

Article 41, section 107(e), (f) of the Maryland Annotated Code states:

"(e) A parole is a conditional release from imprisonment, *granted by the Board of Parole* to any of certain classes of prisoners in any adult penal or correctional institution of this State, *in the manner provided for in this subheading.* A parole shall be evidenced by an order in writing, and entitles the recipient thereof to leave the institution in which he was imprisoned, and to serve the remainder of his term outside the confines thereof if he shall satisfactorily comply with all the terms and conditions provided in the parole order. Each such paroled prisoner shall be deemed to remain in legal custody until the expiration of his full, undiminished term; and upon having violated the conditions of his parole, shall be remanded to the institution from which he was paroled.

(f) Probation is the *conditional exemption from imprisonment* allowed any prisoner by suspension of sentence in the circuit court for any county of this State. The condition of any judge of probation shall be determined solely by the judge granting the same." (Emphasis supplied.)

The Board of Parole may grant parole and attach conditions thereto. Parole occurs after a sentence has been implemented. Probation and the conditions applicable thereto occur at the time of sentencing and before the implementation of the sentence.

Appellee argues that Maryland Article 27, Code Annotated, section 640(c) "expressly authorizes restitution to be made a condition of parole." That subsection provides: "When an order of restitution has been entered pursuant to subsection (b), *compliance* with the order may be made as a sentence or condition of probation or parole." (Emphasis supplied.)

This sub-section cannot be read out of its context with sub-section (b) which provides:

"(b) *Restitution may be ordered upon conviction of certain crimes; priority of payment.*—Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime, or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime, or if as a direct result of the crime, the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity, the court may order the defendant to make restitution in addition to any other penalty provided for the commission of the crime. Payment of restitution to the victim under this subsection has priority over payment of restitution to the Department or any other governmental entity."

■ Sub-section (c) has to do with *compliance* with an order already issued in accordance with subsection (b). If, at the time of parole, the Board of Parole wishes to require that the parolee comply with an order of restitution issued at the time of sentencing, it may do so.

■ Since the court did not make restitution a part of the original sentence in accordance with Maryland Annotated Code, Article 27, section 640(b), it cannot be made a condition of parole.

Appellant also argues that the trial court erred in ordering him to pay restitution after his probation was revoked, and his original sentence reimposed. We agree.

Appellant was convicted of forgery. He received a three year suspended sentence, and was placed on three years supervised probation. He was also ordered to pay restitution as a condition of probation. The court thereafter revoked probation, reimposed the original sentence, and ordered appellant to pay restitution. We note our holding in *Magrogan v. Warden,* 16 Md.App. 675, 677, 299 A.2d 460 (1973):

> "The Court of Appeals, *in Coleman v. State* [231 Md. 220, 189 A.2d 616] . . . observed:
>
> 'When the sentence in a criminal case is imposed and execution of the imposed sentence is conditionally suspended, . . . and the defendant placed on probation, and thereafter the probation is stricken out, the defendant should not be re-sentenced. *His original sentence is effective with the probationary provisions stricken out.'* (Emphasis in original).
>
> It is clear from what was said in *Coleman* that when probation is revoked and the suspension of a previously imposed sentence is stricken, then that sentence goes into effect, exactly as it was originally imposed."[1]

The sentence imposed was three years incarceration. The record does not indicate that restitution was included in that sentence. The court, therefore, erred in continuing the

---

1. Although our ruling in this case will not be affected, McGrogan and Coleman have been modified by the passage of House Bill 996, Chapter 626, Laws of 1978 and the passage of Senate Bill 526, Chapter 293, Laws of 1981. The 1978 amendment provided that after a finding that defendant had violated the terms of probation, the presiding judge may sentence:

    . . . the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted.

    The 1981 amendment added the following sentence at the end of the 1978 amendment:

    The sentence may be suspended in whole or in part and the defendant may be placed on further probation on the terms and conditions the judge deems proper, but no term of probation may exceed the maximum prescribed by section 641 of this article.

probationary provision of restitution after the original sentence was reimposed. No error would have occurred had restitution been part of the original sentence. *See* Maryland Annotated Code, Article 27, section 640(b).

JUDGMENT REVERSED.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.