487 A.2d 315

**Roy SMITLEY**

v.

**STATE of Maryland.**

**No. 770, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Feb. 6, 1985.

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt Schmoke, State's Atty. for Baltimore City and Samuel Brave, Asst. State's Atty. for Baltimore City, Baltimore, on brief), for appellee.

Argued before WILNER, ALPERT and GETTY, JJ.

WILNER, Judge.

This appeal indicates the existence of some confusion regarding the manner in which a court may enter, preserve, and enforce an order of restitution following a criminal conviction. We shall try, in this Opinion, to clarify the court's options.

Roy Smitley is an unfortunate soul; he is an alcoholic and suffers from epilepsy. Perhaps, in part, by reason of the former of those afflictions, he is no stranger to the criminal justice system.

In January, 1982, Smitley was charged with disorderly conduct (No. 48210310) and battery (No. 48210311). The case somehow reached the Circuit Court for Baltimore City, where Smitley pled guilty, was found guilty, and, on September 23, 1982, was sentenced. We do not have before us a transcript of the disposition hearing conducted by Judge Perrott. The docket entry for that day shows the following:

"Judgment: as to 48210310—Sixty (60) da[y]s to Department of Correction concurrent to 48210310 [*sic*]—Pay costs thru Probation. Judgment: as to 48210311—Two (2) years to Department of Correction from 9–22–82 to suspended—Three (3) years supervised probation. Make restitution and pay Costs thru Probation, Perrott, J."

The Order for Probation signed by Judge Perrott that day recites that for "Docket No. 48210310–11," "execution of the sentence of 2 years has been suspended" and that

Smitley is released on probation for a period of three years "subject to the following conditions." Among the nine enumerated conditions that followed were No. 4—"Obey all laws"—and No. 9:

"Shall pay, through the Division of Parole and Probation the sum of $1420.00 as follows:

Court costs of $220.00;

[and]

Restitution of $1200.00 to Ron Bauer"

No appeal was taken from this judgment.

In November, 1983, Smitley was charged with having violated both of those conditions. At a hearing held on the matter on December 22, 1983, before Judge Kenneth L. Johnson, the State established that, in October, 1983, Smitley had been convicted in District Court of one count of disorderly conduct, two counts of malicious destruction of property, and one count of assault. For the disorderly conduct, he was sentenced to sixty days in jail, suspended in favor of eighteen months probation. On the other three convictions, he was sentenced to eighty-nine days in jail, of which, in each case, sixty days were suspended.

With respect to the restitution, although the probation order clearly directed payment of only $1,420 total (including $220 court costs), the State contended that he was ordered to pay $1,444, of which only $169.50 had been paid, leaving an unpaid balance of $1,274.50. No one questioned, or explained, the $24 discrepancy.

Upon this evidence, Judge Johnson concluded that "probation is a waste of time for you." He revoked the probation and entered the following judgment:

"The sentence of the Court is that you be confined to the Department of Correction for a period of two (2) years and you will get credit for time served, the time that you have served since you got picked up on this warrant. In addition, you are to pay the balance of the costs *and fines,* in this case, and the total amount as I understand is $1,274.50, you are to make restitution. In

other words, the order given to you by Judge Perrott is reinstated, the only difference being is that he had given you three years probation and I am saying that you are going to serve now the two years...." (Emphasis added.)[1]

Counsel immediately objected "to the imposition of restitution and the fine," and, when asked why, responded, "Because the original court order if the Court would look at the payment of the fines and restitution, now the Court seeks that and place that problem on Mr. Smitley." Although the court indicated no difficulty deciphering that explanation, it clearly was not impressed. It noted and overruled the objection.

Not to be outdone, the prosecutor decided to muddy things up a bit more by asking that "the $1,444 ... be attached to the parole."[2] The probation officer advised the court that "the account will be held in abeyance and upon his release he will commence his payments," presumably meaning that no restitution payments would be expected during the period of appellant's incarceration. The court then announced: "It's going to be six months after he is released that he is going to be required to pay the restitution and the fine within that six months."

The effect of that, everyone agreed, was: "you are extending the probation for six months and when he gets released he will pay the balance of the $1,444...." No further objection was noted. The docket entry is as follows:

"Violation of Probation Hearing, Plea of Not Guilty-Verdict-Guilty: Judgment: as to case 482130311-Two (2) years to Department of Correction from 11–22–83 as to 48213010 Sixty (60) da[y]s to Department of Correction

---

1. The original sentence did not include a fine.

2. The original restitution order, as noted, was for $1,420. If $169.50 had been paid, the balance due would be $1,250.50. The court found the balance due to be $1,274.50.

concurrent to 48210311. Probation to continue Six (6) months probation imposed to continue after release from serving the above judgment at which time the Defendant is to pay t[he] balance [*sic* ] of costs, fine and restitution of $1,274.50, Johnson, J."

Appellant complains in this appeal:

"I. The trial court erred when, after reimposing Appellant's entire sentence, it ordered that he be placed on probation for six months after his release with a special condition that he pay the outstanding balance of restitution and costs.

II. The trial court erred when it ordered Appellant to pay restitution in a lump sum upon his release.

III. Appellant is entitled to an additional day's credit."

The State's response is that none of these complaints has been preserved for appellate review, and that, as to the first, there was no error in that the restitution was part of the original sentence.

■ We agree with the State as to issues II and III. No objection was made below to the manner of payment of the restitution or to the alleged denial of an additional day's credit. For reasons shortly to be expressed, appellant's second complaint is moot; as to the third complaint, if there was error in not allowing a day's credit against the sentence, appellant may pursue the matter under Md.Rule 4–345.

Appellant *did*, we think, object to the ordering of restitution. Although counsel's articulation of the objection would likely have caused his English grammar teacher justifiably to seek early retirement, it does, nonetheless, suffice to preserve the issue for our review.

Until 1977, the authority of a court exercising criminal jurisdiction to order restitution seems to have been somewhat limited. At least under § 641A of art. 27, first enacted in 1970, and probably under its inherent authority even before then, where the court was otherwise empow-

ered to suspend execution of a sentence in favor of probation, it could direct the defendant to make restitution as a condition of the probation. *See Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981). Its ability to order restitution directly, as part of its sentence, appeared to depend upon specific statutory authority, however, and that was limited to certain burglary, fraud, and credit card offenses. *See* current Md.Code Ann. art. 27, §§ 29, 33, 33A, 145, and 230A, and former art. 27, § 145, repealed by 1978 Md.Laws, ch. 849.

In 1977, the General Assembly, in an attempt both to broaden and to confirm the power to order restitution, enacted new § 640 to art. 27. In subsection (b), the Legislature provided:

"Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as the direct result of the crime, or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime [, or if as a direct result of the crime, the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity],[3] the court may order the defendant to make restitution in addition to any other penalty provided for the commission of the crime."

Section 640(c) provides that "[w]hen an order of restitution has been entered pursuant to subsection (b), compliance with the order may be made *as a sentence or condition of probation or parole.*" (Emphasis added.) Subsection (e) states: "When a defendant fails to make restitution as ordered, the Division [of Parole and Probation] shall notify the court. The court may hold a hearing to determine if the defendant is in contempt of court *or* has violated the terms of the probation or parole." (Emphasis added.)

---

**3.** The bracketed language was not in the 1977 enactment, but was added by 1981 Md.Laws, ch. 160.

It seems clear to us from these provisions that, while an order of restitution is, in all cases, a part of the court's judgment in the case, § 640 continues to recognize two quite different methods for effecting its enforcement by "non-conventional" means.[4]  If the order is made "as a sentence," it may, if the State shows an ability on the part of the defendant to comply with the order, be enforced through contempt proceedings.  If, on the other hand, the order is not stated "as a sentence" but rather as a condition of probation or parole, it may be enforced through the power to revoke the probation or parole.[5]

Although it may be possible for a court to do *both* when entering its judgment, *i.e.*, to order restitution as part of a sentence and, if another part of the sentence is suspended in favor of probation, to order payment of the restitution as a condition of that probation, there is, nevertheless, a significant distinction between the two methods.  The nub of the distinction is the inability of the court to increase or enhance a sentence that has once and validly been imposed.

---

4.  We call everyone's attention to § 637 of art. 27, first enacted in 1809, providing more conventional methods of enforcing restitution orders. Section 637 states:

"In all cases where restitution or reparation is adjudged to be made to the party injured and immediate restitution or reparation is not fully made, the court before whom the offender is convicted shall either issue execution against the property of the convicted person in the name of the person injured for the value of the property taken, or so much thereof as is not restored, the value to be estimated by the court, or order restitution in an amount not to exceed 20 percent of any earnings less other deductions required by law to be paid out of any funds earned by the defendant under a 'work release' plan.  The provisions of this section may not deprive the party injured from having and maintaining a civil action against the offender, either before or after conviction, or against any other person, for the recovery of the money received or property taken, or the value thereof."

5.  We do not consider here whether the *court* may order restitution as a condition of *parole* or seek to revoke a parole for noncompliance with such a condition, or whether that authority is vested exclusively in the Governor and the Division of Parole and Probation.

*See Mitchell v. State,* 58 Md.App. 113, 472 A.2d 494 (1984); *Williams v. State,* 45 Md.App. 596, 414 A.2d 254 (1980).

When restitution is ordered "as a sentence," enforcement through contempt proceedings serves merely to implement the sentence, not to enhance it. It is an additional remedy to that provided in § 637. Similarly, when restitution is attached as a condition to probation and, upon noncompliance, the court revokes the probation and directs execution of all or any part of the suspended sentence, the initial sentence has merely been implemented, not enhanced. It may even be possible, pursuant to § 642 of art. 27, for the court to direct execution of the suspended sentence, suspend anew a part of that sentence, place the defendant on further probation, and continue an order of restitution as a condition of the new probation. What the court may *not* do, however, when the restitution is not "as a sentence" but only a condition of probation, is to direct execution of the *full term* of the suspended sentence *and* continue the restitution order, either "as a sentence" or as a condition to some further probation. That is equivalent to *increasing,* not merely implementing, the suspended sentence.[6]

The record before us shows that Judge Perrott did not order the restitution at issue here "as a sentence," but rather as a condition of probation. Although the docket entry may be a bit ambiguous as to the nature of the restitution order, the Order for Probation is not. It clearly reflects the sentences to be confinement for sixty days and two years, respectively, and that payment of the restitution (and court costs) was merely one of the nine conditions of probation. Accordingly, when Judge Johnson revoked the probation, he necessarily revoked the conditions attached to it, including the conditions relating to payment of restitu-

6. A court cannot, of course, do indirectly under § 642 what it cannot do directly. It must keep in suspension a sufficient amount of the sentence so as not to make its new sentence the real equivalent of an increased sentence. We doubt that hard and fast rules can be drawn in this regard; it would seem to be a matter of basic fairness, common sense, and sound judicial discretion.

tion and court costs. As we have indicated, he could, under § 642, have attached those conditions (or others) as part of a new probation, but only if he directed execution of less than the full term of the suspended two-year sentence. By directing execution of the full two-year term of confinement, however, Judge Johnson effectively precluded a continuation of the restitution order.

It is clear, then, that the judgment actually rendered cannot stand. The question is what to do about it.

Md. Rule 1071 b provides that "[i]f in an appeal in a criminal action this Court shall reverse the judgment for error in the judgment or in the sentence, this Court will remand the case to the lower court in order that such court may pronounce the proper judgment or sentence." What is "the proper judgment or sentence"?

By a number of recent enactments, the General Assembly has made clear, as a matter of State public policy, that the individual victims of crime are entitled to consideration during the sentencing phase of criminal proceedings. *See, for example,* 1982 Md.Laws, ch. 494, amending Md.Code Ann. art. 41, § 124, to provide for victim impact statements, and the 1975 amendment to art. 27, § 637, permitting the court to direct that a restitution order be paid out of "work release" earnings. 1975 Md.Laws, ch. 740. Section 640 of art. 27 is also part of that expression of concern for the rights of victims. Although a fine or imprisonment may suffice to redress the State's corporate and collective grievance against the transgressor of its criminal laws, those penalties do nothing to redress the economic harm that the defendant inflicted upon his chosen victim. That is the function of restitution. Where appropriate and capable of implementation, an order of restitution can make the court's judgment a complete one, providing satisfaction to both the State and to the person most particularly harmed.

That is what Judge Perrott intended to accomplish. It is also what Judge Johnson desired to accomplish. Unfortunately, he could not give both the State and the individual

victim the full measure of satisfaction because of the way in which the initial judgment was framed. Whether, when put to the choice, he would have sacrificed the restitution in favor of directing execution of the full prison sentence, or, conversely, to save the restitution, would have ordered the execution of less than the full sentence, we cannot tell. Either, under the law, would be proper.

Rather than simply strike the restitution order then, as Smitley urges us to do, we shall vacate the entire sentence and remand the case in order that the circuit court "may pronounce the proper judgment or sentence." [7]

FINDING OF VIOLATION AFFIRMED; SENTENCE VACATED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDING; MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.

---

**7.** Counsel for appellant advised us at oral argument of the possibility that appellant may be paroled before the mandate in this case will issue. If that proves to be the case, the court will obviously have to take account of that circumstance in reconsidering its sentence.