499 A.2d 965

**Sylvester Terry RICHARDS**

v.

**STATE of Maryland.**

**No. 161, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 8, 1985.

José F. Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Stephanie J. Lane, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, and Starke M. Evans, State's Atty. for Caroline County of Denton, on brief), for appellee.

Submitted before BISHOP, ADKINS and BLOOM, JJ.

BISHOP, Judge.

In the Circuit Court for Caroline County, appellant Sylvester Terry Richards was tried before a jury and convicted of assault with intent to murder and assault and battery. Appellant was sentenced to a twenty-five year prison term with five years suspended. He was directed to make restitution, within three years of his release from confinement, of the medical and hospital costs incurred by the victim.

Appellant raises three issues:

I. Did the trial court err in excluding the character testimony of a defense witness which would have corroborated the victim's propensity for violence?

II. Did the trial court commit plain error in its instruction limiting the manner and purposes for which the jury could consider evidence of the victim's propensity for violence?

III. Was the restitution portion of appellant's sentence illegal?

## FACTS

According to the evidence, the victim, Harry Wise, interrupted an argument between appellant and Tammy Wilson, appellant's girlfriend. This resulted in appellant's stabbing Wise which caused injury to a lung and internal bleeding. Additional facts will be supplied in the analyses of the issues.

## I.

### *Exclusion of Testimony*

The record does not support appellant's contention that the trial court excluded the testimony of witness Jerry Griffin. At trial, defense counsel proffered that Jerry Griffin would testify to the victim's well-known propensity for violence and appellant's knowledge of that propensity. The State objected and, at a bench conference, the court suggested that the better procedure for eliciting such testimony would be to lay a foundation for it through the testimony of the appellant.[1] Defense counsel acquiesced and Griffin was then excused but was kept available for recall at a later time. Appellant then took the stand and

---

**1.** The court was apparently following the rule recently stated in *Thomas v. State,* 301 Md. 294, 483 A.2d 6 (1984). To use character evidence to show the violent nature of the victim in corroboration of evidence that the victim was the initial aggressor, "the proponent must first establish an evidentiary foundation tending to prove that the defendant acted in self-defense." *Id.* at 307, 483 A.2d at 13.

testified, *inter alia,* that Wise had a propensity for violence, that appellant knew of that fact, and that appellant had acted in self-defense, in fear of Wise. At the close of appellant's testimony the court asked defense counsel if he still wished to call Griffin as a witness. Counsel responded affirmatively and a brief recess ensued during which Griffin was to be returned to the courtroom. After the recess, defense counsel did not recall Mr. Griffin to the stand; rather he stated: "Your Honor, I have decided I guess at this point that we should discuss jury instructions."

It is clear that the court did not refuse to permit Griffin's testimony, defense counsel simply failed to recall him. The issue is not before us. Rule 1085.

## II.

### *Jury Instructions*

Appellant argues that "immediately after refusing to permit" Griffin to testify, the court *sua sponte* instructed the jury:

... to make sure that everybody and particularly the jury is on the same wave-length and I will tell you again later on. Under our system we don't try people for being good or bad people. We try them for what they did. So whether or not a person on prior occasions has been good or bad or violent or whatever is not evidence of what they did or did not do in this particular case. The most that ... any evidence concerning a person's prior disposition for violence can justify anyone in thinking or concluding is that if a person knows that another person is quick with his fists, let's say, that person might be a little ... more expected to anticipate getting hit by that person than one who has a reputation for keeping his hands in his pockets. So I don't want these questions and everything to mislead you from what your function is and what the evidence is. We are not trying anybody here for how good or bad they have been in the past. We are only concerned with one crime and whether or not the person

committed that crime. Now with that explanation you can proceed, Mr. Wright.

We have already held that the court did not refuse to permit Griffin to testify.

In order for this Court to review this issue we must, in the exercise of our discretion, find plain error material to appellant's rights. Rule 4–325(e).

 We agree with appellant that when the issue of self-defense has been raised, character evidence of the victim is admissible both to prove the defendant's reasonable belief that he was in danger and to corroborate evidence that the victim was the initial aggressor. *Thomas v. State,* 301 Md. at 306–07, 483 A.2d at 12–13. In its final instructions, the court told the jury that "whereas there is evidence that prior acts of violence by the victim were known to the defendant you are instructed to consider such evidence in determining whether the defendant was reasonably apprehensive of danger and in determining who was the aggressor." Because instructions to the jury are not to be judged in isolation but must be viewed within the context of the overall charge. *Id.* at 315, 483 A.2d at 17 and because the overall charge in the case *sub judice* correctly stated the law, there is no error, plain or otherwise.

## III.

### *Restitution*

Appellant claims that the court's order requiring him to make restitution for the medical and hospital costs incurred by the victim is illegal for three reasons: first, that the court failed in its obligation to make a reasoned inquiry into his ability to make restitution; second, that the court failed to specify the amount of restitution to be paid and thereby denied appellant the opportunity to challenge the reasonableness of the amount; and third, that the court illegally

delegated a judicial function in directing that the Division of Parole and Probation set the amount of restitution.

At the sentencing hearing the court stated:

A condition of the suspended sentence will be that you make restitution to the victim, or to whoever (sic) is entitled for the medical and hospital costs that were incurred by the victim ... as a result of your actions, and that restitution or repayment, which I would estimate since the person was in the hospital for ten (10) days or so, will be several thousand dollars, and that will have to be paid ... within the first three years of your release from confinement. The amount will be determined by Parole and Probation, but they will not collect it. You are not going to be on probation.[2] You might be on parole.

Since appellant made no objection to the sentence, under Rule 1085, we would not, heretofore have reviewed this issue; however, the Court of Appeals has directed otherwise. In *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985) the Court of Appeals held that "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court."

The court is authorized to order restitution by Md.Ann. Code art. 27, § 640(b) (1957, 1982 Repl.Vol., 1985 Cum. Supp.) which, in relevant part, provides:

(b) *Restitution upon conviction of crime; priority of payment.*—(1) On conviction of a crime, the court may order the defendant to make restitution in addition to any other penalty for the commission of the crime, if:

. . . . .

(ii) The victim suffered actual medical expenses, direct out-of-pocket losses, or loss of earnings as a direct result of the crime; or

---

**2.** However the court characterized the procedure, it was probation and we will treat it as such.

(iii) The victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity.

(2) The court may order that restitution be made to:

(i) The victim;

(ii) The Department of Health and Mental Hygiene or other governmental entity; ...

Article 27 § 641A(a) provides for suspension of a sentence as follows:

(a) *Suspension of sentence; probation.*—Upon entering a judgment of conviction, the court having jurisdiction may suspend the imposition or execution of sentence and place the defendant on probation upon such terms and conditions as the court deems proper.

### 1.
### *Ability to Pay*

■ Because appellant did not object to the court's failure to inquire into his ability to pay he has waived his right to have that issue reviewed by this Court. *Brecker v. State,* 304 Md. 36, 40, 497 A.2d 479 (1985). *See* Md.Rule 1085.

### 2.
### *Lack of Opportunity to Challenge the Amount*
### 3.
### *Illegal Delegation of Authority*

■ We will address together appellant's arguments that the trial court's failure to specify the amount of restitution deprived him of the right to challenge that amount and that the court's delegation of that determination to the Department of Parole and Probation was illegal.

From both Section 640(b) and Section 641A(a), it is clear that it is the court which must set the terms of probation and therefore the amount of restitution. In *Mason v. State,* 46 Md.App. 1, 415 A.2d 315 (1980) the trial court suspended the sentence on the condition that the defendant

pay restitution not only to the victim of the crime charged but to others whom she had "personally cheated" and who had valid claims against her. *Id.* at 4–5, 415 A.2d at 317. Since the court was unable to determine the amount of these claims it directed that the additional payments of restitution be ultimately determined by the probation department. *Id.* at 4, 415 A.2d at 316. We held: "the open-ended order to make additional restitution ... *in amounts to be determined by the probation department* exceeded the sentencing authority of the court." *Id.* at 9, 415 A.2d at 319. (emphasis added).

Implicit in appellant's argument are both statutory and the due process issues. We did not reach the due process issue in *Mason*, 46 Md.App. at 9 n. 2, 415 A.2d at 319 n. 2. We do reach that issue in this case and we now adopt explicitly the holdings in the cases cited in the footnote in *Mason, Cothron v. State*, 377 So.2d 255 (Fla.Dist.Ct.App. 1979) and *Cox v. State*, 445 S.W.2d 200 (Tex.Crim.App. 1969). 46 Md.App. at 9 n. 2, 415 A.2d 319 n. 2. In *Cothron*, the District Court of Appeals of Florida, in holding that it was improper for the trial judge to authorize the probation supervisor to determine the amount of restitution, stated, "[a]ppellant is entitled to a hearing before the trial court to determine the amount of restitution." 377 So.2d at 255. The Court of Criminal Appeals of Texas reached a similar conclusion in *Cox* when it held that it was an unauthorized delegation of its authority for the trial court to direct that appellant "make restitution as and when directed by the probation officer...." 445 S.W.2d at 201. Although not explicitly set out in the majority opinion, Judge Onion, in a concurring opinion, pointed out that the amount of restitution was determined by the probation officer. 445 S.W.2d at 202 (Onion, J. concurring).

Article 24 of the Maryland Constitution, Declaration of Rights, states "[t]hat no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment

of his peers, or by the Law of the land." In *Steed Mortgage Co. v. Arthur*, 37 Md.App. 592, 378 A.2d 690 (1977) we stated that "[t]he elements of the 'Law of the Land,' equated with 'due process of law,' are notice and an opportunity to be heard." *Id.* at 598, 378 A.2d at 695. (citations omitted).

When the court delegated the determination of the amount of restitution to the Division of Parole and Probation, it effectively denied appellant the right to be heard.

We hold that the direction of the trial court that the Division of Parole and Probation determine the amount of restitution was an illegal delegation of the statutory authority of the court and a violation of the due process rights of the appellant.

CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR IMPOSITION OF A PROPER SENTENCE.

COSTS TO BE PAID TWO–THIRDS BY APPELLANT AND ONE–THIRD BY CAROLINE COUNTY.