501 A.2d 1338

**Jeffrey A. SIMMS**

**v.**

**STATE of Maryland.**

**No. 319, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 8, 1986.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender on brief), Baltimore, for appellant.

Valerie W. Loftin, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, and Starke M. Evans, State's Atty. for Caroline County, Denton, on brief), for appellee.

Submitted before WILNER, ALPERT and KARWACKI, JJ.

ALPERT, Judge.

In this appeal we are asked to decide whether a trial judge, in effecting restitution, can impose conditions of parole. His restitutional efforts, although laudatory in concept, may not be accomplished by such means.

Jeffrey A. Simms (appellant) was charged with two counts of assault and battery and one count of malicious destruction of property. On February 28, 1985, he was tried by the Circuit Court for Caroline County, the Honorable Edward D.E. Rollins presiding, and was convicted on all counts. The trial court sentenced him to two concurrent three-year terms of incarceration and imposed, as conditions of parole, restitution in the amount of $350.00 and reimbursement of a Public Defender fee in the amount of $150.00. This appeal was noted.

Appellant's challenge to the sentence of the lower court is two-pronged. He claims that:

1. The court was without authority to impose any such conditions on appellant's parole, and that

2. The court should not have imposed those conditions without a hearing to determine his ability to pay.

Although we agree with appellant's first contention, we must address the second for guidance to the trial court on remand.

### 1.

■ Appellant contends that the trial judge has no authority to set any conditions of parole because that authority is vested exclusively with the Maryland Parole Commission.

This is yet another case where the answer lies in statutory construction. It may well be that some of the language in the relevant statute may have misled the court below. The trial judge's power to order restitution derives from Md.Ann.Code Art. 27 § 640:

*Restitution for crimes.*

(b) *Restitution may be ordered upon conviction of certain crimes; priority of payment.*—Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime, or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime, or if as a direct result of the crime, the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity, *the court may order the defendant to make restitution* in addition to any other penalty provided for the commission of the crime. Payment of restitution to the victim under this subsection has priority over payment of restitution to the Department or any other governmental entity.

(c) *Sentence or condition of probation or parole.* —When an order of restitution has been entered pursuant

to subsection (b), compliance with the order may be made as a sentence or condition of *probation* or *parole.*
(emphasis added).

The cardinal rule of statutory construction is, of course, to ascertain and effectuate the actual legislative intention. No construction is required where the statutory provisions are unambiguous. Where a statute, however, is plainly susceptible of more than one meaning, construction is required. Under those circumstances we must consider not only the literal or usual meaning of words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment. *State v. Intercontinental, Ltd.,* 302 Md. 132, 137, 486 A.2d 174 (1985).

Although it may appear, at first blush, that under § 640(c) the trial judge's "order of restitution . . . may be made as . . . a condition of probation or *parole,*" that section must be read in context with § 640(b). *Mitchell v. State,* 58 Md.App. 113, 118, 472 A.2d 494 (1984).

Clearly, § 640(b) confers authority upon a court to *order* restitution while Sec. 640(c) deals with the implementation or enforcement of such an order. The latter section does not actually state *who* may effect compliance with the restitution order. The legislature could have specifically stated who might enforce compliance but did not do so.

Thus, considering the particular use and association of words in those two sections, we think a doubt or ambiguity exists as to the reach of the statute vis-a-vis parole, and that construction is required. *State v. Intercontinental, supra.*

To aid in the construction of statutes, courts have indulged numerous presumptions including a presumption that the legislature had full knowledge of the existing law, legislation and policy concerning the subject of the statute in question. *Board of Education of Garrett County v. Lendo,* 295 Md. 55, 453 A.2d 1185 (1982).

Parole and probation, though having some of the same characteristics, are quite different things. Placing a con-

victed person on probation is peculiarly a judicial act. It is part of the sentencing function. It is a "conditional *exemption* from imprisonment allowed any prisoner by *suspension of sentence* in the circuit court. . . ." Md.Code Ann. art. 41, § 107(f) (emphasis added). It is "an act of clemency bestowed *by the court,*" *Hudgins v. State,* 292 Md. 342, 347, 438 A.2d 928 (1982) (emphasis added), and thus the court, and only the court, can determine the conditions of the probation. *See* art. 41, § 107(f): "The condition of any [order][1] of probation shall be determined solely by the judge granting the same." *See also Costa v. State,* 58 Md.App. 474, 473 A.2d 942 (1984).

Parole, on the other hand, is a purely executive function, the exercise of which must be, and by statute is, committed to an executive agency—the Maryland Parole Commission. *See* Md.Code Ann. art. 41, § 110(a): "The Commission has the *exclusive* power to . . . [a]uthorize the parole of individuals sentenced under the laws of this State to any penal or correctional institution, jail, or other place of confinement or detention within this State. . . ." (emphasis added).

A parole is an act of *executive* clemency. It does not involve the sentencing function or any other judicial function. It is a conditional *release* (rather than *exemption*) from imprisonment granted by the Parole Commission which "entitles the recipient thereof to leave the institution in which he was imprisoned, and to serve the remainder of his term outside the confines thereof if he shall satisfactorily comply with all the terms and conditions *in the parole order.*" Art. 41, § 107(e) (emphasis added); *Murray v. Swenson,* 196 Md. 222, 76 A.2d 150 (1950). A judicial order of restitution as a condition of parole is not binding on the Parole Commission. The Commission may, if it chooses, exercise its discretion in light of such comments or recommendations of a sentencing judge, or it may ignore them. COMAR 12.08.01.18A so provides:

---

1. See Laws of Maryland 1982, Ch. 820, § 1 (repealing and reenacting Art. 41, Sec. 107(f)).

(1) The commission shall have the *exclusive power* of parole release.  On determining whether a prisoner is suitable for release on parole, the commission considers:

. . . . .

(g) Any report or recommendation made by the sentencing judge.

Another rule of statutory construction teaches us that where the provisions of a statute are ambiguous, we may consider the consequences of proposed construction and adopt that construction which avoids an illogical or unreasonable result or which is inconsistent with common sense. That a court could set a condition of parole yet have no power itself to enforce the condition and no power to require that the Parole Commission accept it is both illogical and unreasonable.  Since we may presume that the legislature knew, when it enacted the subject statute, the respective roles of the courts and Parole Commission, and that only the Parole Commission and not the trial court could enforce a condition of parole, we may thus conclude that the legislature never intended to impose a meaningless power upon the court.

There is yet another tenet of statutory construction that we deem applicable to the statute *sub judice:* that "[t]he legislature is presumed to intend that its enactment be harmonious, rather than at odds, with the Constitution." *Marshall v. Director of Finance of Prince George's County,* 294 Md. 435, 440, 450 A.2d 1300 (1982).

Maryland Declaration of Rights, art. VIII provides not only that the legislative, executive, and judicial powers of the State government should be "forever separate and distinct from each other" but that "no person exercising the functions of one of said Departments shall assume or discharge the duties of any other."

If indeed, as we indicated earlier, the granting of parole is an executive function to be exercised exclusively by the Parole Commission, it necessarily follows that only the Parole Commission can determine the conditions to be at-

tached to a parole. For a court to attempt to do so would involve the exercise of a non-judicial function and would necessarily intrude upon the discretion committed to the Parole Commission. We do not believe that the legislature ever intended to violate the "Separation of Powers" doctrine and therefore the statute must be construed so as to preclude the imposition of parole conditions by a court. *See also* 16 C.J.S. Constitutional Law § 101, 102; *Clark v. United States,* 72 F.Supp. 594, 601 (1947); *Brown v. State,* 177 Md. 321, 330–31, 9 A.2d 209 (1939); *Hughes v. State,* 14 Md.App. 497, 507, 287 A.2d 299, *cert. denied,* 409 U.S. 1025, 93 S.Ct. 461, 34 L.Ed.2d 317 (1971).

While the court may not impose conditions of parole, it can indeed impose restitution as part of the sentence, Art. 27, Sec. 640(b); *Smitley v. State,* 61 Md.App. 477, 487 A.2d 315 (1985), and recommend[2] to the Parole Commission that restitution be made a condition of parole. *York v. State,* 56 Md.App. 222, 467 A.2d 552 (1983).

As did the trial judge in *Smitley,* the trial judge here, consistent with the noble purpose of the statute, apparently fashioned his sentence to aid the victim of the crime. But we are compelled in this case, as we were in *Smitley,* to adhere to the letter of the statute.

If the trial judge wishes to require restitution and reimbursement of the public defender's fee, he may do so as conditions of probation or as part of the sentence, but not as a condition of parole. Art. 27A § 7 empowers a court to order reimbursement of public defender's fees as a "condition of any sentence, judgment or probation." (Emphasis added). It makes no provision whereby the court may, as it did here, condition a defendant's *parole* upon repayment of fees. Accordingly, rather than strike the restitution order,

---

**2.** The State in its brief, while concluding that the matter is not preserved for our review, contends that the court's order is tantamount to a "recommendation." This concession does not alter our view of the statute. Because the legality of the sentence is unquestionably at issue here, review is both permissible and appropriate. *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985).

we shall vacate the entire sentence and remand the case in order that the Circuit Court for Caroline County "may pronounce the proper judgment or sentence." *Smitley* 61 Md.App. at 486, 487 A.2d 315; Maryland Rule 1971(b).

2.

Appellant contends that the trial court erred in imposing restitution[3] without first inquiring into his ability to pay. We note that under the authority of *Brecker v. State,* 304 Md. 36, 497 A.2d 479 (1985), appellant may have failed to preserve the issue for our review.[4] Nevertheless, we choose to address the issue in order to provide guidance to the trial court when resentencing appellant.

Appellant in his brief cites several cases to support his contention that the trial judge erred in ordering restitution without first holding a hearing to determine his ability to pay. Appellant's reliance on these cases, and particularly on *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981), is misplaced.

In *Coles,* the defendant, originally sentenced to two concurrent ten-year terms of incarceration, was placed on probation after serving a portion of the sentence and ordered, as a condition of probation, to pay restitution. When Coles failed to make the payments as scheduled, the court held a hearing at which they inquired into his financial situation and, perceiving no justifiable reason for nonpayment, revoked his probation.

The general rule that we glean from *Coles* reflects a pragmatic approach to restitution and sentencing. A hearing to determine ability to pay is appropriate not at the time

---

**3.** Since we have already determined that the court may not require reimbursement of the public defender's fee as a condition of parole, we need not address appellant's contention that a hearing was required before imposition of that condition.

**4.** In *Brecker,* the Court of Appeals held that where a defendant does not object to the court's failure to inquire into his ability to pay before ordering restitution, the right is waived. Maryland Rule 1085; *see also Richards v. State,* 65 Md.App. 141, 147, 499 A.2d 965 (1985).

of the imposition of the sentence but at the time of its enforcement. This rule is clearly applicable to the case at bar. We are unpersuaded, as was the court in *Coles*, that the non-Maryland cases which require a pre-imposition hearing are of any effect on our decision here.[5] *See People v. Kay*, 36 Cal.App. 759, 111 Cal.Rptr. 894, 895–96 (1976); *State v. Garner*, 115 Ariz. 579, 566 P.2d 1055, 1057 (1977); *People v. Lofton*, 78 Misc.2d 202, 356 N.Y.S.2d 791, 793–94 (1974); *State v. Benoit*, 131 Vt. 631, 313 A.2d 387–389 (1973); *Peterson v. State*, 384 So.2d 965 (Fla.App.1980); *see also Annot.*, 73 A.L.R.3d 1240 (1976).

■ This general rule is applicable throughout the possible range of sentences. Where restitution is conditioned on probation, a hearing to determine ability to pay is held when the ordered payments are in default. Where a split-sentence is rendered, a hearing is not necessary at the time the sentence is imposed, but is appropriately held when a default in the payments occurs. It is only then that the defendant's financial situation becomes relevant. It follows, then, that if an order of restitution is made as part of a sentence, with or without the possibility of parole, a determination as to ability to pay need not be made at the time the sentence is imposed, but if and when the defendant fails to comply with the order.

The purpose of the above discussion is to illustrate to appellant here the lack of utility that a hearing at the time of his sentencing would have served. In that his parole may never occur, or may occur several years hence, a hearing at the time of sentencing would have been of little

---

**5.** The court in *Coles,* noting cases from other jurisdictions which require an inquiry prior to ordering restitution as a condition of probation and suspended sentences, declined to follow those cases. The *Coles* court held:

This court, however, is not called upon here to determine whether or to what extent the trial judge should have examined the finances of Coles prior to imposing the restitutionary sentence, for it is clear that the failure to make such an inquiry, even if mandatory, does not render the sentence illegal....

*Coles,* 290 Md. at 307, 429 A.2d 1029.

utility in measuring the ability of the appellant to comply with the order when it becomes effective. If at the time parole is granted appellant's financial resources are insufficient to enable him to comply with the order, he may present evidence to that effect to the Parole Commission pursuant to COMAR 12.08.01. If unsuccessful at that stage, appellant has further redress by filing an exception to the decision under COMAR 12.08.01.10.

CONVICTIONS AFFIRMED; SENTENCE VACATED; CASE REMANDED TO CIRCUIT COURT FOR CAROLINE COUNTY FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY CAROLINE COUNTY.