526 A.2d 645
**Veronica Lee NIMON**

v.

**STATE of Maryland.**

No. 1452, Sept. Term, 1986.

Court of Special Appeals of Maryland.

June 10, 1987.

---

2. *See* note 1, *supra.*

Melissa M. Moore, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Joseph I. Cassilly, State's Atty., and Deidre W. Lee, Asst. State's Atty., Harford County, on the brief, Bel Air), for appellee.

Submitted before WILNER, BLOOM and ROSALYN B. BELL, JJ.

BLOOM, Judge.

This appeal is the result of a resentencing hearing on October 30, 1986, in the Circuit Court for Harford County. Appellant, Veronica Lee Nimon, had been convicted in a nonjury trial before Judge Brodnax Cameron, Jr., of theft. According to the docket entries, Judge Cameron sentenced appellant on September 13, 1985, to the "Commissioner of Correction for three years effective today" but deferred execution of sentence for 30 days provided defendant filed an appeal. Defendant was released on her own recognizance pending appeal. She was ordered to pay "court costs of $200 and restitution in the sum of $31,268.61 to extent not covered by insurance as condition of parole."

We vacated the sentence and remanded the case for proper sentencing, in an unreported per curiam opinion, *Nimon v. State*, No. 154, September Term, 1986, filed September 25, 1986. At the resentencing hearing, the court sentenced appellant

> to the Commission of Correction for five years and suspended all but two years to serve in the Harford County Detention Center effective today. The defendant is placed on five years supervised probation upon release and to pay court costs in the sum of $200; and to pay restitution in the sum of $31,603.54. Costs and restitution are to be paid as directed by Probation Department. Defendant to obey all other rules of probation.

On appeal, Ms. Nimon contends that her sentence is illegal because:

A. The imposition of restitution upon remand constitutes a more severe sentence than that initially imposed;

B. The amount of restitution imposed upon remand was inexplicably increased; and

C. The record does not support the conclusion that she owes restitution.

■ We need not and do not respond to all of appellant's contentions. We hold that the sentence is illegal, and we again remand for the imposition of a proper sentence. Although appellant makes no complaint about the court's increasing the original sentence from three years to five years (obviously because all but two years were suspended), the increase is still illegal. *Briggs v. State*, 289 Md. 23, 421 A.2d 1369 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1976); Courts and Judicial Proceedings Article § 12–702(b). Furthermore, the restitution originally ordered was not part of the sentence, but was merely a condition of parole. Our reversal of that sentence was required because a court cannot exercise a non-judicial function and is precluded from imposing parole conditions. *Simms v. State*, 65 Md.App. 685, 501 A.2d 1338 (1986).

■ The State argues that *Simms, supra,* explicitly permits the sentencing judge to do what was done here when, as in this case, resentencing is ordered to correct an illegal sentence. The State has misread *Simms.* In *Simms,* as in its predecessor, *Smitley v. State,* 61 Md.App. 477, 487 A.2d 315 (1985), we stated that a court could require restitution as part of a sentence, or it could order restitution as a condition of probation, but it could not order restitution as a condition of parole. In *Simms,* as in *Smitley,* we vacated a sentence that attempted to make restitution a condition of parole and remanded for imposition of a proper sentence. In neither case did we say, nor did we intend to imply, that it would be proper, upon remand, to impose restitution as part of the sentence. We now say, unequivocally, that if restitution was not part of the original sentence, it cannot later be made part of the sentence except in compliance with Md.Cts. & Jud.Proc.Code Ann., § 12–702(b) because that would constitute an increase in the sentence. The statute is explicit: upon remand by an appellate court in order that the lower court may pronounce a proper sentence, the lower court may impose any sentence authorized

by law, but it may not impose a sentence more severe than the sentence previously imposed unless:

(1) The reasons for the increased sentence affirmatively appear;

(2) The reasons are based upon objective information concerning identifiable conduct on the part of the defendant occurring after the original sentence was imposed; and

(3) The factual data upon which the increased sentence is based appears as a part of the record.

██ Since restitution was not part of the original sentence in this case, adding the requirement of restitution as part of the sentence (instead of as a condition of probation) constituted the imposition of a greater or harsher sentence than was originally imposed. That was impermissible, there being no proper basis for increasing the sentence, § 12–702(b). We must, therefore, again vacate the sentence and remand for imposition of a proper sentence.

CONVICTION AFFIRMED.

SENTENCE VACATED AND CASE REMANDED FOR PROPER SENTENCING IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID BY HARFORD COUNTY.