528 A.2d 507

Linda **WILLIAMS**

v.

**STATE of Maryland.**

No. 1617, Sept. Term, 1986.

Court of Special Appeals of Maryland.

July 15, 1987.

Laurie I. Mikva, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Valerie W. Loftin, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Laura Mullally, Asst. State's Attorney for Baltimore City on the brief), Baltimore, for appellee.

Submitted before WEANT, BISHOP and ALPERT, JJ.

BISHOP, Judge.

The issue in this appeal is whether appellant may be found in contempt of court based on a violation of a condition of probation.

When an accused has been convicted of a crime, "a sentencing judge is vested with virtually boundless discretion. He may impose any sentence, which is not cruel and unusual punishment proscribed by Article 16 of the Maryland Declaration of Rights, and which is within the statuto-

rily imposed limitations (if any there be), determined to be deserved for or necessitated by the proven criminal conduct in question." *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632 (1981). He may also suspend the imposition or execution of all or part of the sentence and place the defendant on probation upon such terms and conditions as the court deems proper. Md.Code, Art. 27, §§ 641A (a) and 643A (a).

> Probation is an act of grace. *Kaylor v. State,* 285 Md. 66, 75, 400 A.2d 419 (1979). It permits a court, in its discretion, to suspend what would be the normal penalty for violation of the criminal law in favor of conditions which, if performed, tend to promote the rehabilitation of the criminal as well as the welfare of society. *Scott v. State,* 238 Md. 265, 275, 208 A.2d 575 (1965). In other words, in an appropriate case, the criminal defendant is given a second chance—an opportunity to show that by performing the conditions of probation he can function as a law-abiding and useful member of society. If he faithfully performs those conditions, he is spared the more drastic punishment that generally follows a violation of the criminal law.

> If, however, the defendant fails to perform the conditions of probation he may forfeit the benefits of probation. In such a case, when the original sentence or some portion of it is reimposed, the "original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously afforded the defendant." *Clipper v. State,* 295 Md. 303, 313, 455 A.2d 973 (1983).

*Turner v. State,* 307 Md. 618, 624–5, 516 A.2d 579 (1986), quoting 61 Md.App. 1, 9, 484 A.2d 641 (1984). *See* Md.Code, Art. 27, §§ 642 and 643A (c).

▇▇▇ In other words, when a probationer violates a condition of his probation, he is not subject to an additional punishment for that violation; but rather to the forfeiture of his conditional exemption from punishment for the origi-

nal crime.[1]  Because probation involves a conditional exemption from punishment, rather than a part of the penalty, a court may condition probation upon acts or omissions which it otherwise lacks the authority to impose.  *See, e.g., Coles v. State,* 290 Md. 296, 304–05, 429 A.2d 1029 (1981). *Kursch v. State,* 55 Md.App. 103, 107, 460 A.2d 639, *cert. den.* 297 Md. 109 (1983); and *Turner v. State, supra.*

The difference between an act ordered as part of the penalty for a crime and an act ordered as a condition of probation was examined in *Smitley v. State,* 61 Md.App. 477, 487 A.2d 315 (1985), in the context of restitution.  Until 1977, the authority of a court exercising criminal jurisdiction to order restitution was somewhat limited; with a few specific exceptions, restitution could be ordered only as a condition of probation (not a part of the penalty) where the court was otherwise empowered to suspend execution of a sentence in favor of probation.  In 1977, the General Assembly enacted a new Section 640 to Article 27, to permit an order of restitution to be made either "as a sentence" or as a condition of probation or parole.  In *Smitley,* Judge Wilner explained the two quite different methods for effecting the enforcement of an order of restitution:

If the order is made "as a sentence," it may, if the State shows an ability on the part of the defendant to comply with the order, be enforced through contempt proceedings.  If, on the other hand, the order is not stated "as a sentence" but rather as a condition of probation or parole, it may be enforced through the power to revoke the probation or parole.

Although it may be possible for a court to do *both* when entering its judgment, *i.e.,* to order restitution as part of a sentence and, if another part of the sentence is suspended in favor of probation, to order payment of the

1.  When a probation violation involves the commission of another crime, the probationer may, of course, be prosecuted and, if convicted, punished, however, that punishment is imposed not for a violation of a condition of probation, but for a violation of the criminal law.

restitution as a condition of that probation, there is, nevertheless, a significant distinction between the two methods. The nub of the distinction is the inability of the court to increase or enhance a sentence that has once and validly been imposed. *See Mitchell v. State*, 58 Md.App. 113, 472, A.2d 494 (1984); *Williams v. State*, 45 Md.App. 596, 414 A.2d 254 (1980).

When restitution is ordered "as a sentence," enforcement through contempt proceedings serves merely to implement the sentence, not to enhance it. It is an additional remedy to that provided in § 637. Similarly, when restitution is attached as a condition to probation and, upon noncompliance, the court revokes the probation and directs execution of all or any part of the suspended sentence, the initial sentence has merely been implemented, not enhanced. It may even be possible, pursuant to § 642 of Art. 27, for the court to direct execution of the suspended sentence, suspend anew a part of that sentence, place the defendant on further probation, and continue an order of restitution as a condition of the new probation. What the court may *not* do, however, when the restitution is not "as a sentence" but only a condition of probation, is to direct execution of the *full term* of the suspended sentence *and* continue the restitution order, either "as a sentence" or as a condition to some further probation. That is equivalent to *increasing*, not merely implementing, the suspended sentence. (footnotes omitted; emphasis in original)

61 Md.App. at 483–484, 487 A.2d 315.

Although the instant appeal does not involve the payment of restitution, as in *Smitley*, or the payment of court costs, as in *Turner*, it does involve the violation of a condition of probation, and is governed by the same principles expressed in those cases.

■ On February 21, 1986, Linda Williams, the appellant, pled guilty in the District Court of Maryland to trespassing on the premises of the New Motel, in violation of Maryland

Code, Article 27, Section 577. The court imposed a fine of $500, the maximum sentence permitted by the statute. Payment of $400 of the fine was suspended in favor of a twelve-month term of probation. A condition of that probation was that the appellant "stay away from the New Motel."

The appellant violated that condition the very next day. The State filed a "Motion to Cite Defendant for Contempt of Court." [2] The District Court issued a Show Cause Order. When the appellant demanded a trial by jury on the charge, the case was transferred to the Circuit Court for Baltimore City.

On September 23, 1986, the Circuit Court judge bound himself not to impose a sentence greater than six months, and denied the request for a trial by jury. The case proceeded on an agreed statement of facts. The court found the appellant guilty and sentenced her to six months of imprisonment. Execution of the sentence was suspended in favor of a three-year term of supervised probation. This appeal was taken from that judgment.

The appellant contends that it was improper to prosecute her for contempt for violating a condition of her probation. The State counters that the use of a court's contempt power is simply "an alternative method of enforcing the conditions of a sentence," citing *Smitley v. State, supra.* As we have seen, that reliance is misplaced.

The district court's order to "stay away from the New Motel" was a condition of probation, not part of the penalty for trespassing. The court did not purport to make it otherwise; it lacked the authority to do so. When the circuit court convicted the appellant of criminal contempt for violating that condition, and proceeded to sentence her for it, it did not merely withdraw the favorable treatment

---

2. The record is unclear as to whether the State also initiated probation revocation proceedings and/or another criminal prosecution for trespassing. Defense counsel proffered that probation revocation proceedings were initiated.

previously afforded her; it imposed a new and additional punishment. The net result was not merely an implementation of the suspended sentence; it was an enhancement, not only of that sentence, but of the maximum punishment permitted by law. A court cannot do indirectly what it cannot do directly. *Smitley, supra,* at 484, n. 6, 487 A.2d 315. It follows that the circuit court exceeded its authority in finding the appellant guilty of criminal contempt. Md. Rule 1086.

In conclusion, we make explicit what was merely (but clearly) implicit in *Smitley:* a condition of probation may be enforced only through the power to revoke the probation, not through contempt proceedings.

JUDGMENT REVERSED.

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.