MARY PATRICIA PHELPS *v.* STATE OF MARYLAND

[No. 540, September Term, 1972.]

*Decided March 28, 1973.*

The cause was argued before POWERS, CARTER and GILBERT, JJ.

*Gary R. Alexander*, with whom was *Edward P. Camus, District Public Defender*, on the brief, for appellant.

*Josef E. Rosenblatt, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County, Edmond B. O'Connell* and *Richard P. Arnold, Assistant State's Attorneys for Prince George's County*, on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Mary Patricia Phelps pleaded guilty in the Circuit Court for Prince George's County to a violation of the laws relating to controlled dangerous substances. She was sentenced to serve a term of four years, but execution of the sentence was suspended, and she was placed on probation, subject to 12 general conditions, and the special condition that she continue urine specimens through the Department of Parole and Probation. The record shows that the rules were read to her in the presence of her attorney, and that she indicated her ac-

ceptance and agreement to comply with the rules by affixing her signature, on 9 September 1971.

In a special report and request for warrant dated 5 May 1972 the assigned probation agent reported that numerous urine samples taken from appellant had shown the presence of drugs. The agent also reported that she had informed appellant that she must enroll herself in a narcotic therapeutic community in Baltimore known as the X-Cell House, and stay until the authorities there discharged her. She stated that appellant entered the House on 19 April and left without permission on 25 April.

A warrant was issued, and came before the court for hearing on 20 June 1972. The court excluded any evidence of the results of tests of appellant's urine samples, for lack of a proper foundation for the admissibility of such evidence. The probation agent testified to her requirement, communicated verbally to appellant, that appellant enter the X-Cell House and remain until released. She further testified that she had been informed by the authorities at the House that appellant had left after six days, without permission.

General condition No. 7, imposed by the court and accepted by appellant, provided:

> "That the probationer shall report promptly to the probation agent in person or in writing whenever instructed to do so; and that the probationer shall conform to all rules of conduct imposed by the probation agent."

The court construed appellant's failure to remain in the X-Cell House until the authorities there discharged her as a failure to conform to a rule of conduct imposed by the probation agent, and therefore a violation of her probation. He struck the suspension of sentence and committed appellant to the custody of the sheriff for execution of the sentence originally imposed.

We think that condition 7 was construed too broadly. While we need not undertake to define its scope, it appears to apply to day to day supervision of a probationer's conduct in his home environment, including required or prohibited activities. If a probationer must, without limitation, "conform to all rules of. conduct imposed by the probation agent", then the other 11 general conditions, and any special conditions, would be superfluous. A requirement for custodial care or treatment of an institutional nature should be imposed only by the court, and not, as a rule of conduct, by the probation agent.

There are indications that evidence may have existed which, if admitted, would have supported a finding at that time that appellant had violated other conditions of her probation. We shall reverse the action of the court on 20 June 1972 in finding, on the evidence before it, a violation of probation, and striking the suspension of sentence. However, the charge of violation of probation may be reheard in accordance with the principles discussed in *Knight v. State*, 7 Md. App. 313 and *Smith v. State*, 11 Md. App. 317, if the State deems a rehearing advisable at this time.

> *Order finding violation of probation and striking suspension of sentence reversed.*
> *Case remanded for rehearing.*
> *Mandate to issue forthwith.*