473 A.2d 942

**Robert Anthony COSTA**

v.

**STATE of Maryland.**

**No. 886, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

April 11, 1984.

Gary S. Offutt, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender, on the brief, for appellant.

Philip M. Andrews, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., and Perry Lericos, Asst. State's Atty., Baltimore City, on the brief, for appellee.

Submitted Before GILBERT, C.J., and WILNER and GARRITY, JJ.

GARRITY, Judge.

On November 13, 1981, Robert Anthony Costa, the appellant, was convicted on a guilty plea in the Circuit Court for Baltimore City of possession with intent to distribute a controlled dangerous substance. He was committed to the custody of the Division of Correction for a period of five years. The sentence, however, was suspended in favor of a five-year period of probation.

On April 28, 1983, a petition charging the appellant with violating his probation was filed by the Division of Parole and Probation. The petition alleged that the appellant had violated his probation by:

1. Failing to report on April 7, 1983, April 13, 1983, and April 19, 1983; and,

2. Failing to submit to drug therapy as directed.

At a hearing on June 20, 1983, the appellant's probation was revoked and the original sentence reimposed.[1] On appeal, the appellant contends that the court abused its discretion in revoking his probation. He assigns the following reasons:

1. That he was not properly charged with violating the conditions of his probation; and,

---

[1]. Costa was also found in violation of probation by the sentencing judge on an earlier occasion in November of 1982, when convicted of a sexual offense and assault. Probation, however, was continued in that instance.

2. That the evidence was insufficient to support a finding of a violation of probation.

## I. *Improper Charging*

The appellant contends that there was non-compliance with Md.Rule 775(c), which provides:

> On the motion of the State's Attorney or on its order the court may hold a hearing to determine whether any condition of probation has been violated. The motion or order shall state each violation of conditions charged and shall be served on the defendant sufficiently before the hearing to permit him a reasonable opportunity to rebut the charges. The hearing is to be held whenever practicable by the sentencing judge.

The appellant specifically contends that the charging document, an arrest warrant, was improperly requested by the probation officer, and that the warrant failed to state each violation sufficiently.

The record belies the appellant's contention that the warrant failed to state each violation sufficiently. The record contains the document received by the circuit court on April 28, 1983 captioned "Violation of Probation Petition and Warrant." The petition section of this document states that the defendant violated two conditions of his probation, i.e., failing to submit to drug therapy as directed and failing to report to his probation agent as instructed. Furthermore, even if the appellant had not received a copy of the violation petition, a probationer is still obliged to raise an objection on the ground of inadequate notice at the time of the revocation hearing, and not for the first time on appeal. *Cf. Broadway v. State,* 298 Md. 237, 241, 468 A.2d 351 (1983).

At the hearing, the following colloquy occurred:

THE CLERK: It is alleged, Mr. Costa, that you violated your terms of probation, bear with me for a moment, by failing to report, is that correct?

MISS MONTGOMERY [appellant's probation agent]: That is correct, Yes.

THE COURT: Any further allegations?

THE CLERK: He failed to report according to this summary. Mr. Costa you failed to report as instructed by your agent and also you failed to complete the Epoch House Drug Screeing Program and your case was closed out due to lack of participation.

Rule number one, failing to report, is the specific allegation. Anything further?

MR. LERICOS [Assistant State's Attorney]: Nothing.

THE COURT: That is it. Thank you. All right, Mr. Glick, are you and your client familiar with that charge?

MR. GLICK: [appellant's trial counsel]: Yes, we are.

THE CLERK: What is the plea to that charge?

MR. GLICK: The plea is not guilty.

In the instant case, defense counsel advised the court that he and the appellant were familiar with the charges. Neither appellant nor his attorney related to the court that they had not had an opportunity to prepare a defense or request a continuance. Thus, we hold the appellant waived any complaint based on Maryland Rule 775(c). The failure to raise the issue below precludes our review of it. Maryland Rule 1085.

## II.  *Sufficiency*

The pertinent general condition of probation that concerns this appeal was the requirement that appellant report to his probation officer as directed and follow her lawful instructions. The only special condition was that he be placed under intensive supervision.

The appellant asserts two reasons why the evidence was insufficient to justify the revocation of his probation. First, he contends that his reasons for not reporting on the dates prescribed by the probation officer were valid; that is, he had to work. Second, he earnestly insists that the probation officer lacked authority to order him to attend drug therapy sessions at the Epoch House.

a.  *Failure to Keep Appointments with Probation Officer*

At the revocation hearing, Ms. Annie Montgomery, who had been assigned to supervise the appellant, testified that

she requested the issuance of a warrant after Mr. Costa failed to obey her instructions to report to her on April 7, 1983, April 13, 1983, and April 19, 1983.

Evidence established that although the appellant failed to keep his appointment with Ms. Montgomery on April 7, 1983, he phoned her from his work in the District of Columbia where he was working as a carpenter, and arranged a mutually agreeable substitute date of April 21, 1983. In the meantime, however, Ms. Montgomery learned of an allegation that the appellant's fifteen-year-old daughter had been physically abused by him and removed from the home. After learning of the child abuse reports, Ms. Montgomery went to the appellant's house on April 12, 1983, and was advised by another daughter that he was at work. She thereupon left a written message for him to report to her the next day. Upon his failure to report, Ms. Montgomery sent a letter to the appellant's home directing that he report to her on April 19, 1983. He failed to report. His daughter, however, telephoned to advise the probation agent that he had to work. When the appellant finally did report to Ms. Montgomery on May 5, 1983, he was arrested on the violation warrant.

After presentation of testimony, the appellant conceded that his failure to report to Ms. Montgomery's office may have been a technical violation, but because of the circumstances of his work at the time, he requested the court to continue him on probation.

After argument as to sentencing, the court reimposed the original sentence and stated:

All right, gentlemen, I do not consider this as a technical violation. This defendant was found guilty of possession with intent to distribute narcotics. I rarely, if ever, in a distribution case give probation. I gave this defendant a break and on this particular occasion he failed to report as directed by the probation agent, plus the fact in Epoch House he terminated himself. This is not as far as I am concerned complying with the probation.

This has been a constant situation where Mr. Costa I think has flaunted what I felt was a break. Now, I am striking out the probation and reinstituting the original sentence. I will give him credit for any time he has served on this case.

As the first scheduled meeting of April 7th had been postponed with the agreement of the probation officer, the appellant's failure to report on that day obviously could not serve as the basis for revocation. *Rites v. State,* 15 Md.App. 346, 290 A.2d 554 (1972). The appellant's failure to report to his probation officer on the subsequent dates in question, however, did constitute violations of the reporting condition. Although the appellant testified that the meeting dates conflicted with his work schedule after they had been unilaterally set by Ms. Montgomery, the court obviously determined that under the circumstances, it was more important for the appellant—who was well aware of the special condition of "intensive supervision"—that he report to his probation officer as directed. The court was not obliged to accept the priorities fashioned by the appellant.

b. *Failure to Participate in Drug Program*

The probation officer further advised the hearing judge that she also requested the violation warrant because of appellant's failure to submit to the drug therapy program as directed.

The following colloquy then transpired between Ms. Montgomery and Mr. LeRicos, the Assistant State's Attorney:

Q. By whom was that directed? Who directed he receive drug therapy?

A. I directed him to receive drug therapy in 1982 and Mr. Costa was terminated from the Epoch House Program for non-participation.

Q. He had enrolled in Epoch House?

A. He had enrolled in Epoch House.

Q. How long did he remain there if your records reflect that?

A. The counselor at the house, Jack Merriman, advised me that Mr. Costa, that he enrolled in Epoch House during the month of August, 1982. His counselor advised me on 8/18 he was terminated. He had only reported twice since the original intake. They sent him a warning letter on 9/8/82 and he never contacted them.

The appellant testified that his problems with the drug program derived from a conflict between his work schedule and the program, and from the fact that he did not realize that a person would be terminated automatically for non-participation in the program if they were absent two consecutive weeks.

### Discussion of Law

It is important to note initially that when a wrongdoer has been given the opportunity to keep his freedom by being placed on probation, that personal privilege is by no means a blanket grant of immunity from punishment. It is, in its truest sense, a matter of grace and indulgence, the revocation of which is directed to the sound discretion of the trial court. *Sweeney v. State,* 1 Md.App. 233, 229 A.2d 141 (1967). As Judge Orth, writing on behalf of this Court in *Knight v. State,* 7 Md.App. 313, 316, 255 A.2d 441 (1969) stated:

The question of whether the terms of probation have been violated is largely one of fact but also includes the construction of the terms of suspension which were made known to the probationer and by which he was to be guided in his conduct. "Such questions, while primarily within the discretion of the trial judge, are not wholly so, and are reviewable, if only for the purpose of determining whether that discretion has been abused in any way, or whether an erroneous construction has been placed by the trial judge on the conditions of parole." *Swan v. State,* 200 Md. 420, 90 A.2d 690 (1952)

In Maryland, if a sentencing judge elects to impose general conditions upon a probationer, the probation author-

ity, in furtherance of its supervisory role to assure compliance, may provide specific rules designed to govern the conduct of the probationer within the ambit of the condition. *Hudgins v. State,* 292 Md. 342, 438 A.2d 928 (1982). Thus, our attention in the case at bar is directed to whether Ms. Montgomery had sufficient authority under the general condition to direct Costa to attend a program of drug therapy.

The question as to scope of a probation agent's authority to issue directives came under scrutiny in *Hudgins v. State, supra,* wherein Hudgins, as a special condition of probation, had been ordered by the sentencing judge to "cooperate with the Maryland State Police in tracking down criminals".

Although the Court concluded in *Hudgins* that the revocation of probation was improper where the record was silent concerning what, if any, specific instructions had been given the appellant by the police, it observed:

> [F]requently, the nature of the probationary penalty is such that the circumstances of a case, like the one we now consider, render it desirable, or perhaps necessary, that the condition of probation be expressed in somewhat general terms. Such a general expression is permissible, so long as it is contemplated that the court *or its designee (usually the probation authority)* will provide the probationer with reasonable, *specific direction within the ambit of the initially expressed general condition,* and such guidance is in fact given. Thus, if the state seeks recision of the probation, the court will be presented with a claimed violation or series of violations of explicit instructions. (emphasis added).

The Court further recognized a situation wherein the probation requirement could be framed so loosely as to render the condition inherently incapable of enforcement. In *Morgan v. Foster,* 208 Ga. 630, 68 S.E.2d 583 (1952), for example, the general condition that the probationer "maintain a correct life" was determined to be "too vague, indefinite, and uncertain to be given any construction or application."

■ Although Ms. Montgomery's well-intentioned drug therapy requirement, in view of Costa's past conduct, was a "lawful instruction" in and of itself, it lacked the support of being within the ambit of any general condition imposed by the Court.

The State argues that the appellant had been convicted of a narcotics offense, and "[g]iven the purpose of probation, the structuring of such a program by the probation agent was clearly within the parameters of the condition imposed, which required appellant to report to his agent 'as directed and follow [her] lawful instructions'."

That same argument was raised by the State and rejected by us over a decade ago in *Phelps v. State,* 17 Md.App. 341, 303 A.2d 430 (1973). In that case, Mary Patricia Phelps was placed on probation after she pleaded guilty to a violation of laws relating to controlled dangerous substances. The agent verbally required Phelps to enter a certain drug rehabilitation house and remain until released. Phelps removed herself from the program six days later and the agent petitioned the court to issue a violation warrant. On appeal from the reimposition of sentence, we examined the language of the general condition which provided:

That the probationer shall report promptly to the probation agent in person or in writing whenever instructed to do so; and that the probationer shall conform to all rules of conduct imposed by the probation agent. 17 Md.App. at 343, 303 A.2d 430.

The trial court construed the appellant's failure to remain at the treatment house as a failure to conform to a rule of conduct imposed by the probation agent.

In holding that the general condition was construed too broadly, Judge Powers, writing on our behalf, observed:

While we need not undertake to define its scope, it appears to apply to day to day supervision of a probationer's conduct in his home environment, including required or prohibited activities. If a probationer must, without limitation, "conform to all rules of conduct imposed by the probation agent", then the other 11 general conditions,

and any special conditions, would be superfluous. A requirement for custodial care or treatment of an institutional nature should be imposed only by the court, and not, as a rule of conduct, by the probation agent. 17 Md.App. at 344, 303 A.2d 430.

We hold that as the order of the probation officer directing appellant to participate in the drug therapy program was beyond the general or special terms of probation, and therefore without authority of the sentencing judge, it was improper.

As we are unable to determine, in light of our holding as to the drug program, whether the sentencing judge would have revoked probation merely upon the appellant's failure to report to his probation officer on April 13th and April 19th, we shall remand to enable the court to exercise its discretion regarding the continuance or revocation of probation.

ORDER FINDING VIOLATION OF PROBATION AND STRIKING SUSPENSION OF SENTENCE VACATED.

CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

MANDATE TO ISSUE FORTHWITH.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.