507 A.2d 212

**John EDWARDS**

v.

**STATE of Maryland.**

**No. 1084, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

April 10, 1986.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Valerie W. Loftin, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Deborah K. Hines, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Submitted before WILNER, BISHOP and GARRITY, JJ.

WILNER, Judge.

On February 1, 1985, appellant was convicted in the Circuit Court for Baltimore City of unlawfully carrying a handgun and possession of marijuana. For the handgun offense, appellant received a suspended sentence and probation for one year; for the marijuana offense, he received probation for one year (to run concurrently) pursuant to Md.Code Ann. art. 27, § 292.

Each Order for Probation consisted of a preprinted form having numbered paragraphs. The applicable blanks and boxes were filled in by hand. The Order for Probation on the handgun violation required appellant to pay a fine and court costs totaling $360. Paragraphs 9 through 10 of the filled-in order form are reproduced below:

"9. Shall pay, through the Sheriff's Department the sum of
$.............. as follows:
[X] Court costs of $ ..... *110-* ............................. ;
[X] Fine of $ ............ *250-* .......................... ;
In such installments as the Sheriff's Department shall determine and direct or;
In installments of $.............. per ........... *#75234* ....
9A Shall pay through the Division of Parole and Probation the sum of $.... *360-* ........ as follows:
☐ Attorney fee of $.............. to .....................
whose address is .......................................
☐ Restitution of $.............. to .....................
whose address is .......................................
In such installments as the Division shall determine and direct or;
In installments of $.............. per .....................
10. Special conditions as follows:
......... *Pay fine & costs thru Prob* .......................
......... *by 2/1/86* ....................................... "

For his marijuana conviction, appellant was ordered to pay $50 in court costs. The relevant portion of that Order for Probation provided:

#75235 [1]

"9. Shall pay, through the Division of Parole and Probation, the sum of $ *50-* .................... as follows:

[X] Court costs of $ *.50-* ......................................................... ;

☐ Fine of $ ................... ;

☐ Attorney fee of $ ................... to ........................................
   whose address is ................................................ ................

☐ Restitution of $ ................... to ........................................
   whose address is ........................................................

☐ In such installments as the Division shall determine and direct or;

☐ In installments of $ ................... per .................................... ;

10. Special conditions as follows:
   .......... *Pay costs thru Prob* .............................................
   ........................................................ ............ "

Both order forms, as can be seen, contained provisions permitting or requiring installment payments. The boxes and spaces next to those provisions, however, were in each case left blank. Moreover, there appears under the "Special Conditions" paragraph of the first Order (Paragraph 10) the handwritten instruction that the fine and costs were to be paid "by 2/1/86" (one year from the date of the Order).

Notwithstanding the sentencing judge's disinclination to order installment payments by checking either the penultimate or the last box in Paragraph 9A of the one Order or Paragraph 9 of the other, the Division of Parole and Probation, on its own, directed appellant to pay the $360 assessment in installments of $40 per month and the $50 assessment at the rate of $10 per month. Payments according to that schedule would have resulted in full payment of the $360 obligation in nine months, and full payment of the $50 obligation in five months. Thus, the schedule set up by

---

1. The record does not clearly indicate the meaning of the handwritten numbers "75234" and "75235," on the two Orders.

Parole and Probation required appellant to discharge the $360 obligation well *before* the February 1, 1986 date set in the order.

Appellant failed to adhere to the payment schedule; as a result, on July 24, 1985, the Division of Parole and Probation filed a "Notice of Violation of Probation" for each offense. The notices stated, respectively, that appellant had violated the conditions of his probation by his "[f]ailure to pay, through the Division of Parole and Probation, the sum of $360.00 in full," and his "[f]ailure to pay as ordered $50.00 court costs."

A violation of probation hearing took place two weeks later, before Judge Hammerman, who had originally sentenced appellant. From a colloquy between the judge and the State's sole witness—an agent for the Division of Parole and Probation—it appears that the judge mistakenly believed that he, rather than the Division, had ordered appellant to make payments on a monthly basis:

"THE COURT: He was to pay on a monthly basis, Agent Allen?

THE WITNESS: In the case for the handgun violation, Your Honor, you indicated that you wanted the fine and costs to be paid through probation by 2/1/86; however, a payment plan was set up for [appellant]—

THE COURT: Yes, meaning the end of his probationary period. He was placed on probation just for a one-year period on the marijuana charge, and it had to be paid by the expiration of that probationary period.

THE WITNESS: That's correct, but a payment—

THE COURT: But did I not say that in both cases that the court costs and the fine on the one case were to be paid according to a schedule of payments set forth by the probation department?

THE WITNESS: A payment plan was set forth, Your Honor, yes.

THE COURT: So there was a payment plan on everything—

THE WITNESS: Yes."

At the end of the hearing, the judge revoked probation and ordered appellant incarcerated for one year on each conviction (with the two terms to run concurrently). Appellant timely noted this appeal.

Appellant contends that the revocation of his probation constituted error in three respects:

(1) The Division of Parole and Probation had no authority to order monthly payments, since the court gave appellant a full year in which to pay;

(2) The court made erroneous factual and evidentiary determinations; and

(3) The court erroneously failed to exercise any discretion whatsoever in sentencing appellant to incarceration.

We believe that appellant's first contention has merit and shall reverse on that basis. As a result, we need not address his second and third arguments.

At no point during the violation of probation hearing did appellant contest the validity of the payment schedule. He likewise did not question the judge's assumption that it was the judge who initially ordered payment in installments. Ordinarily, therefore, we would not address this issue. Md.Rule 1085. Even though the issue was not raised and decided below, however, we shall exercise our discretion and address it here, for two reasons. First, it is utterly clear from the record that Judge Hammerman did *not* order appellant to pay the obligation in installments. This is not an instance of simple omission or inaction by the sentencer. The manner in which the judge filled out (or left blank) Paragraphs 9 through 10 of each Order for Probation form indicates an apparently conscious decision to allow appellant a full year in which to pay the $360 debt and an indefinite time (limited only by the one-year probationary term) in which to pay the $50 debt. Such a decision, at least with respect to the $360, would not have been surprising, in view of the facts that, at the time he was placed on probation,

appellant was unemployed and recovering from recently received stab wounds.

■ Second, although we addressed this issue in *Costa v. State*, 58 Md.App. 474, 473 A.2d 942 (1984), it seems in need of repetition. Where a judge grants probation subject to fulfillment of general or special conditions, the Division, "in furtherance of its supervisory role to assure compliance, may provide specific rules designed to govern the conduct of the probationer *within the ambit of the condition.*" *Costa, supra,* at 482, 473 A.2d 942 (emphasis added) (citing *Hudgins v. State,* 292 Md. 342, 438 A.2d 928 (1982)). It may not, however, impose new, more onerous conditions of its own that are not fairly within the ambit of those laid down by the court.

In *Costa, supra,* the defendant was convicted of and given probation for possession with intent to distribute a controlled dangerous substance. The defendant's probation officer ordered him to submit to a drug therapy program. Because (among other things) he failed to attend the program, the Division filed a petition charging the defendant with violation of his probation. We held that Costa's probation could not be revoked on that basis: the probation officer had no authority, under either the general or special conditions imposed by the court, to order him to participate in drug therapy. In so holding, we rejected the State's argument that "[g]iven the purpose of probation, the structuring of such a program by the probation agent was clearly within the parameters of the condition imposed, which required appellant to report to his agent 'as directed and follow [her] lawful instructions'." *Id.* [58 Md.App.] at 483, 473 A.2d 942.

■ The rationale of *Costa* is equally applicable in the case now before us. On their faces, the Orders for Probation gave appellant an entire year in which to pay his fine and costs. So long as he paid in full by February 1, 1986, it made no difference what amount, if any, appellant paid during any given month. The Division of Parole and Proba-

tion therefore had no authority to set up a mandatory installment payment schedule where the schedule required full payment well *before* the year ended. The Division's directive was not in furtherance of the court's order; it was inconsistent with that order.

If the judge wants the probationer to make installment payments at regular intervals, he or she should specify that obligation in the order of probation. The judge may then either establish the precise schedule or direct the Division of Parole and Probation to devise one.

JUDGMENTS REVERSED;

MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.