State of Maryland v. Charles William Callahan, No. 28, September Term, 2014

**CONDITIONS OF PROBATION – CONDITIONS OF MANDATORY SUPERVISION – LAWFUL INSTRUCTIONS – SEPARATION OF POWERS DOCTRINE –** Court of Appeals held that: (I) probation agent's instruction to comply with condition of mandatory supervision does not create condition of probation that is outside ambit of condition of probation to obey probation agent's lawful instructions; and (II) such instruction is not inconsistent with separation of powers doctrine.

Circuit Court for Anne Arundel County
Case No. 02-K-95-000205

Argued: December 5, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 28

September Term, 2014

_____

STATE OF MARYLAND

v.

CHARLES WILLIAM CALLAHAN

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.

_____

Filed:  January 23, 2015

We decide: (I) whether a probation agent's instruction to comply with a condition of mandatory supervision creates a condition of probation that is outside the ambit of the standard condition of probation to obey the probation agent's lawful instructions; and (II) whether such an instruction is inconsistent with the separation of powers doctrine.

We hold that: (I) a probation agent's instruction to comply with a condition of mandatory supervision does not create a condition of probation that is outside the ambit of the standard condition of probation to obey the probation agent's lawful instructions; and (II) such an instruction is not inconsistent with the separation of powers doctrine.

## BACKGROUND

The State, Petitioner/Cross-Respondent, charged Charles William Callahan ("Callahan"), Respondent/Cross-Petitioner, with first-degree rape and other crimes that arose out of the abduction of a three-year-old child. On August 7, 1995, Callahan pled guilty to kidnapping and third-degree sexual offense. On September 11, 1995, the Circuit Court for Anne Arundel County ("the circuit court") sentenced Callahan to twenty-five years' imprisonment, with all but twenty years suspended, for kidnapping, and ten years' imprisonment concurrent for third-degree sexual offense, followed by five years of probation. On that date, Callahan signed an order of probation, in which he agreed to, among other conditions: "1. Report to [his] Probation Agent as directed and follow his/her lawful instructions[.]"[1]

---

[1] On October 9, 1996, the circuit court modified the sentence for kidnapping to twenty-five years' imprisonment, with all but seventeen years suspended, followed by five years of probation.

On or about March 4, 2009, Callahan was released from imprisonment early under mandatory supervision.[2] On March 4, 2009, Callahan signed a "Mandatory Supervision Release Certificate," in which he agreed to, among other "special conditions": "Comply as directed by [his] parole/probation agent with the Division of Parole and Probation's sexual offender management program, which may include . . . polygraph testing[.]"

On or about July 1, 2011, Agent Marsha Briley-Mays ("Agent Briley-Mays") of the State's Division of Parole and Probation in its Department of Public Safety and Correctional Services became both Callahan's probation agent and his mandatory supervision agent. On August 2, 2011, Agent Briley-Mays gave Callahan a letter that stated: "[Y]ou are scheduled for a polygraph examination on August 8, 2011 at 10 a[.]m. . . . . Please adjust your schedule to ensure your presence . . . . Failure to report may result in a Violation of Probation[.]" (Emphasis omitted). Callahan failed to report for the polygraph examination.[3]

Agent Briley-Mays requested a warrant and prepared a "Statement of Charges" in which she stated that Callahan violated the condition of probation: "1. Report to your Probation Agent as directed and follow his/her lawful instructions." On October 24, 2011, the circuit court conducted a hearing at which Agent Briley-Mays testified. The circuit

---

[2]"'Mandatory supervision' [is] a conditional release from confinement that is granted to an inmate under" certain circumstances. Md. Code Ann., Corr. Servs. (1999, 2008 Repl. Vol.) ("CS") § 7-101(g)(1). "An individual on mandatory supervision is subject to[] all laws, rules, regulations, and conditions that apply to parolees[.]" CS § 7-502(b)(1). For this case's purposes, mandatory supervision is identical to parole.

[3]Callahan previously had been ordered to take polygraph examinations and had complied.

court determined that Callahan violated the order of probation by violating the condition of probation: "1. Report to your Probation Agent as directed and follow his/her lawful instructions." On December 5, 2011, the circuit court ordered that Callahan serve the balance of his sentence.

Callahan applied for leave to appeal, and the Court of Special Appeals granted the application and reversed, holding that the circuit court erred in determining that Callahan violated the order of probation. See Callahan v. State, 215 Md. App. 146, 160, 79 A.3d 967, 976 (2013). Specifically, the Court of Special Appeals concluded that Agent Briley-Mays's instruction to report for a polygraph examination created "a new, more onerous condition [of probation] that was not fairly within the ambit of those laid down by the [sentencing] court . . . . To hold otherwise . . . would clearly be contrary to the separation of powers doctrine[.]" Id. at 159-60, 79 A.3d at 975-76 (citation and internal quotation marks omitted).

The State petitioned for a writ of *certiorari*, raising one issue: Whether the Court of Special Appeals was correct in concluding "that the circuit court violated the doctrine of the separation of powers" in determining that Callahan violated the order of probation. Callahan conditionally cross-petitioned for a writ of *certiorari*, raising one issue: Whether the Court of Special Appeals was correct in concluding that the circuit court erred in determining that Callahan violated the order of probation because Agent Briley-Mays's instruction created "a new, more onerous condition [of probation] that was not fairly within the ambit of those laid down by the [sentencing] court[.]" This Court granted the petition and the conditional cross-petition. See State v. Callahan, 437 Md. 422, 86 A.3d 1274

(2014).[4]

## DISCUSSION

## I.

Callahan contends that the circuit court erred in determining that he violated the order of probation because Agent Briley-Mays's instruction to comply with a condition of mandatory supervision created a new, more onerous condition of probation that was outside the ambit of the condition of probation to obey Agent Briley-Mays's lawful instructions.[5] Specifically, Callahan argues that Agent Briley-Mays lacked the authority to instruct Callahan to comply with a condition of mandatory supervision, as the condition of probation to obey Agent Briley-Mays's lawful instructions related only to implementing the other conditions of probation. The State responds that Agent Briley-Mays's instruction did not create a new, more onerous condition of probation that was outside the ambit of the condition of probation to obey Agent Briley-Mays's lawful instructions because Callahan agreed, and was legally required, to comply with conditions of mandatory supervision and obey Agent Briley-Mays's lawful instructions.

---

[4]At oral argument, Callahan's counsel advised that Callahan has again been released from imprisonment early "because of the accumulation of diminution credits." At oral argument, the parties asserted that this circumstance does not render this case moot. We agree. See Adkins v. State, 324 Md. 641, 656, 598 A.2d 194, 202 (1991) ("Because the finding . . . that [a probationer] violated [an order of] probation will have the same, or similar, collateral legal consequences as the underlying criminal conviction, the appeal of the probation violation finding, like the appeal of the underlying criminal conviction, is not rendered moot simply because [the probationer] has served the sentence imposed.").

[5]We first address the non-constitutional issue that Callahan raised in the conditional cross-petition, as a "court[] should not decide constitutional issues unnecessarily." Lupfer v. State, 420 Md. 111, 130 n.10, 21 A.3d 1080, 1091 n.10 (2011) (brackets, citation, and internal quotation marks omitted).

Generally, an appellate court reviews for clear error a trial court's determination that a probationer violated an order of probation. See Hammonds v. State, 436 Md. 22, 32, 80 A.3d 698, 704 (2013). That said, where (as here) the facts are undisputed—and thus, whether the probationer violated the order of probation is a purely legal issue—the appellate court reviews without deference the trial court's determination that the probationer violated the order of probation. See generally Fuster v. State, 437 Md. 653, 671, 89 A.3d 1114, 1124 (2014) ("We review de novo the trial court's relation of facts to the applicable law." (Brackets, citation, ellipsis, and internal quotation marks omitted)).

In Hudgins v. State, 292 Md. 342, 348, 438 A.2d 928, 931 (1982), this Court stated:

[F]requently, the nature of the probationary penalty is such that the circumstances of a case . . . render it desirable, or perhaps necessary, that the condition of probation be expressed in somewhat general terms. Such a general expression is permissible, so long as it is contemplated that the court or its designee (usually the probation authority) will provide the probationer with reasonable, specific direction within the ambit of the initially expressed general condition, and such guidance is in fact given.

(Footnote omitted); see also Edwards v. State, 67 Md. App. 276, 281, 507 A.2d 212, 215 (1986) (A probation authority cannot "impose new, more onerous conditions of its own that are not fairly within the ambit of those laid down by the [sentencing] court."); Watson v. State, 17 Md. App. 263, 274, 301 A.2d 26, 31-32, cert. denied, 268 Md. 754 (1973) ("[C]onditions [of probation] must be clear, definite and capable of being properly comprehended and understood not only by the [probationer,] but [also] by" the probation authority. (Citation omitted)).

For example, the Court of Special Appeals has held that trial courts erred in determining that probationers violated orders of probation: where an order of probation

required a probationer to pay fines and costs by a particular deadline, and a probation authority instructed the probationer to pay in full before the deadline, see Edwards, 67 Md. App. at 281-82, 507 A.2d at 215-16; where an order of probation required a probationer to obey his probation agent's lawful instructions, and his probation agent instructed him to enter drug treatment, see Costa v. State, 58 Md. App. 474, 484, 483, 473 A.2d 942, 947 (1984); and where an order of probation required a probationer to "conform to all rules of conduct imposed by [her] probation agent[,]" and her probation agent instructed her to enter drug treatment, see Phelps v. State, 17 Md. App. 341, 344, 343, 303 A.2d 430, 432, 431 (1973).

By contrast, in Hudgins, 292 Md. at 349, 347, 438 A.2d at 930-31, this Court rejected a probationer's argument that a condition of probation "to 'cooperate with the Maryland State Police in tracking down criminals' was too vague to be enforceable[.]" Instead of concluding that the condition of probation was *per se* unenforceable, this Court remanded to the trial court with directions to find "what reasonable, specific instructions, if any, were given [to] the probationer by the police and his cooperation or failure to do so[.]" Id. at 349, 438 A.2d at 931.[6]

Upon review of the applicable authorities and careful consideration of the issue, we conclude that a probation agent's instruction to comply with a condition of mandatory supervision does not create a new, more onerous condition of probation that is outside the

---

[6]The trial court heard only "general, conclusory [testimony] as to lack of cooperative activity with the police on the [probationer's] part[.]" Hudgins, 292 Md. at 349, 438 A.2d at 931.

ambit of a condition of probation to obey the probation agent's lawful instructions. Such an instruction is clearly lawful, as the probation agent simply instructs the probationer to do what the probationer has already agreed, and is legally required, to do. In other words, a probation agent's instruction to comply with a condition of mandatory supervision does not require a probationer to do anything more than what the probationer is already obligated to do. Because complying with a condition of mandatory supervision benefits the probationer by maintaining his or her early release from imprisonment on conditions with which the probationer has agreed to comply, a probation agent's instruction to comply with a condition of mandatory supervision is far from onerous.

A condition of probation requiring a probationer to obey a probation agent's lawful instructions is "clear, definite and capable of being properly comprehended and understood not only by the [probationer,] but [also] by" the probation agent. Watson, 17 Md. App. at 274, 301 A.2d at 31-32. In imposing a suspended sentence and probation, a sentencing court obviously contemplates that, if/when the probationer is released from imprisonment early under mandatory supervision, the probationer will comply with the conditions of mandatory supervision while in the community. Probation and mandatory supervision share many characteristics. As is the case here, probation and mandatory supervision often both arise from the commission of the same crime; are both generally conditioned on the probationer's proper behavior in the community; and often share several identical

conditions,[7] thus allowing one act or omission to be both a violation of a condition of probation and a violation of a condition of mandatory supervision. Thus, it is not a stretch of reasoning at all to conclude that a sentencing court contemplates that a probationer would obey a probation agent's lawful instruction to comply with a condition of mandatory supervision.

Callahan takes the position that a probationer may disobey a probation agent's instruction to comply with a condition of mandatory supervision because the condition of probation to obey a probation agent's lawful instructions allegedly relates only to implementing the other conditions of probation. This Court's precedent, however, contradicts Callahan's contention—which is essentially that a probation agent's instruction is outside the ambit of a condition of probation unless the condition of probation spells out in exact terms the probation agent's ability to give the instruction or the instruction is related to a specific condition of probation. This Court has never required such an extreme level of specificity in an order of probation; to the contrary, this Court has recognized that, "frequently, the nature of the probationary penalty is such that the circumstances of a case . . . render it desirable, or perhaps necessary, that the condition of probation be expressed in somewhat general terms." Hudgins, 292 Md. at 348, 438 A.2d at 931. Accordingly, in Hudgins, id. at 349, 347, 438 A.2d at 931, 930, this Court rejected a probationer's argument

---

[7]For example, probation and mandatory supervision often share the following identical conditions: working; obeying all laws; refraining from possessing controlled dangerous substances; appearing in court when notified; reporting as directed to an agent; obeying the agent's lawful instructions; allowing the agent to visit one's residence; notifying the agent of an arrest; getting the agent's permission before leaving the State; and getting the agent's permission before changing one's residence or employment.

- 8 -

that a condition of probation "to 'cooperate with the Maryland State Police in tracking down criminals' was [*per se*] too vague to be enforceable[.]" In doing so, this Court determined that an order of probation need not spell out in exact terms a probation agent's ability to give an instruction; instead, an order of probation may allow a probation agent a degree of latitude in enforcing a general condition of probation. See id. at 348, 438 A.2d at 931 ("[A] general [condition of probation] is permissible, so long as it is contemplated that the court or its designee (usually the probation authority) will provide the probationer with reasonable, specific direction within the ambit of the initially expressed general condition, and such guidance is in fact given." (Footnote omitted)).

We are unpersuaded by Callahan's reliance on Edwards, 67 Md. App. 276, 507 A.2d 212, Costa, 58 Md. App. 474, 473 A.2d 942, and Phelps, 17 Md. App. 341, 303 A.2d 430, for the contention that a probation agent's instruction to comply with a condition of mandatory supervision creates a new, more onerous condition of probation that is outside the ambit of a condition of probation to obey the probation agent's lawful instructions. In Edwards, Costa, and Phelps, probation agents unilaterally invented conditions of probation with which the probationers had not agreed, and with which they had not been legally required to comply in exchange for their early releases from imprisonment; in none of these three cases had a probationer been released from imprisonment early on parole or under mandatory supervision. By contrast, where a probationer is released from imprisonment early under mandatory supervision, the probationer agrees, and is legally required to comply, with conditions of mandatory supervision in exchange for his or her early release from imprisonment. Under such a circumstance, a probation agent does not unilaterally

- 9 -

invent a condition of probation by instructing the probationer to comply with a condition of mandatory supervision, as the probationer has already agreed, and is legally required, to do so. Thus, contrary to Callahan's contention, mandatory supervision does not give the probation agent "a blank check . . . to impose new conditions of probation" or empower the probation agent to instruct the probationer to do whatever the probation agent deems appropriate.[8]

To the extent that Callahan relies on *dicta* from Phelps and Costa for the contention that a condition of probation to obey a probation agent's lawful instructions relates only to implementing the other conditions of probation, such reliance is unpersuasive. In Phelps, 17 Md. App. at 344, 303 A.2d at 431, the Court of Special Appeals stated: "While we **need not** undertake to define [the] scope [of a condition of probation to "conform to all rules of conduct imposed by the probation agent"], it **appears** to apply to day to day supervision of a probationer's conduct in his home environment, including required or prohibited activities." (Emphasis added). As that Court's qualifying language makes clear, this statement is *dicta*, and was unnecessary to that Court's holding that "[a] requirement for custodial care or treatment of an institutional nature should be imposed only by the [sentencing] court, and not, as a rule of conduct, by the probation agent." Id. at 344, 303

---

[8]At oral argument, Callahan's counsel hypothesized that, if we did not adopt Callahan's position, a probationer would violate an order of probation by disobeying a probation agent's instruction to comply with any law—for example, a city ordinance that limits the height of fences. It appears that, under such a circumstance, the probationer would have violated the order of probation by failing to obey all laws in the first place. In any event, our holding is limited to a probation agent's instruction to comply with a condition of mandatory supervision.

A.2d at 431-32. In support of its *dicta*, the Court of Special Appeals provided no authority, engaged in no analysis, and offered no explanation for its perception of what the scope of the condition of probation "appear[ed]" to be. Id. at 344, 303 A.2d at 431. Later, in Costa, 58 Md. App. at 483, 478, 473 A.2d at 947, 944, the Court of Special Appeals repeated the same *dicta*, including its qualifying language, from Phelps, even though the condition of probation in Costa was to follow a probation agent's lawful instructions, not to conform to all rules of conduct imposed by a probation agent. Without explanation, the Court of Special Appeals treated the condition of probation in Costa as identical to the condition of probation in Phelps. See Costa, 58 Md. App. at 483, 473 A.2d at 947 ("That same argument was raised by the State and rejected by us . . . in *Phelps*[.]").

Regardless of whether equating the two different conditions of probation was permissible under Costa's particular circumstances, such an approach would be completely unworkable here. At issue is a condition of probation to obey a probation agent's lawful instructions, not a condition of probation to conform to any and all rules of conduct imposed by a probation agent. This distinction is critical; as noted above, a probation agent's instruction to comply with a condition of mandatory supervision is lawful, as the probation agent simply instructs the probationer to do what the probationer has already agreed, and is legally required, to do. We decline to adopt the *dicta* from Phelps and Costa.

We reject Callahan's contention that, when a sentencing court grants probation, the probationer lacks notice that the probationer will violate the order of probation by disobeying a probation agent's instruction to comply with a condition of mandatory supervision. A typical condition of probation is not phrased: "Obey your probation agent's

- 11 -

lawful instructions as long as the order of probation spells out in exact terms the probation agent's ability to give the instruction or what the instruction might be." The typical condition of probation is phrased along the lines of: "Obey your probation agent's lawful instructions." This condition of probation provides the probationer with notice that the probationer will violate the order of probation by disobeying the probation agent's instruction if the instruction is lawful. It is not subject to reasonable dispute that a probation agent's instruction to comply with a condition of mandatory supervision is lawful, as the probation agent simply instructs the probationer to do what the probationer has already agreed, and is legally required, to do. As such, a probationer may expect that disobeying a probation agent's instruction to comply with a condition of mandatory supervision will result in the imposition of the probationer's sentence's balance.

We note that our holding is equally applicable regardless of whether one person is both the probation agent and mandatory supervision agent of a probationer; in other words, our holding does not turn on the circumstance that Agent Briley-Mays was both Callahan's probation agent and his mandatory supervision agent. At oral argument, the parties agreed that it is at least common—perhaps even standard practice—for one person to be both the probation agent and mandatory supervision agent of a probationer. If that were not the case, then the Division of Parole and Probation[9] would need to assign each probationer to one probation agent and a different mandatory supervision agent. Such a result would not

_____

[9]The Division of Parole and Probation "supervise[s] an individual under mandatory supervision until the expiration of the individual's maximum term or terms of confinement[.]" CS § 6-104(a)(1)(ii).

only greatly increase public expenditures, but also hinder the probationer; for example, the probationer could be instructed by the probation agent to be at one place at a particular time and instructed by the mandatory supervision agent to be at another place at the same time.

Similarly, our holding does not turn on which condition of mandatory supervision with which Agent Briley-Mays instructed Callahan to comply; it is inconsequential that the condition of mandatory supervision was to report for a polygraph examination (as opposed to a different condition of mandatory supervision). The critical circumstance is that, where a probationer is released from imprisonment early under mandatory supervision, the probationer agrees, and is legally required, to comply with **all** conditions of mandatory supervision in exchange for his or her early release from imprisonment. As such, a probation agent's instruction to comply with a condition of mandatory supervision is not onerous, and a probationer is on notice that the probationer will violate the order of probation by disobeying a probation agent's instruction to comply with a condition of mandatory supervision.[10]

For the above reasons, a probation agent's instruction to comply with a condition of mandatory supervision does not create a new, more onerous condition of probation that is outside the ambit of a condition of probation to obey the probation agent's lawful

---

[10]Likewise, our holding does not turn on the circumstance that the condition of mandatory supervision with which Agent Briley-Mays instructed Callahan to comply was a "special condition," as opposed to a general one. Callahan does not dispute that the "special condition" label that was used in the "Mandatory Supervision Release Certificate" is immaterial.

instructions.

## II.

The State contends that the circuit court clearly determined that Callahan violated a condition of probation, not a condition of mandatory release, and that the circuit court's determination did not violate the separation of powers doctrine. Callahan responds that the circuit court erred in determining that he violated the order of probation because Agent Briley-Mays's instruction to comply with a condition of mandatory supervision was inconsistent with the separation of powers doctrine. Specifically, Callahan argues that, through Agent Briley-Mays's instruction, the executive branch usurped the judiciary's powers.

An appellate court reviews without deference whether a trial court's decision was constitutional. See generally Corbin v. State, 428 Md. 488, 498, 52 A.3d 946, 951 (2012) ("[W]e review the ultimate question of constitutionality de novo[.]" (Citation omitted)).

"[T]he Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other." Md. Decl. of Rts. Art. VIII; see also Getty v. Carroll Cnty. Bd. of Elections, 399 Md. 710, 730, 926 A.2d 216, 229 (2007) (Article 8 of the Maryland Declaration of Rights "explicitly prohibit[s] one branch of government from assuming or usurping the power of any other branch.").

We conclude that a probation agent's instruction to comply with a condition of mandatory supervision is not inconsistent with the separation of powers doctrine. A court chooses conditions of probation and determines whether a probationer has violated an order

of probation. See Md. Code Ann., Crim. Proc. (2001, 2008 Repl. Vol., 2014 Supp.) ("CP") § 6-221 ("On entering a judgment of conviction, the court may suspend the imposition or execution of sentence and place the defendant on probation on the conditions that the court considers proper."); CP § 6-223(a) ("A circuit court or the District Court may end the period of probation at any time."); see also Simms v. State, 65 Md. App. 685, 688-89, 501 A.2d 1338, 1340 (1986) ("Placing a convicted person on probation is peculiarly a judicial act. It is part of the sentencing function."). Thus, a court may choose a condition of probation that a probationer obey a probation agent's lawful instructions, and the court may determine that the probationer has violated the order of probation by disobeying the probation agent's instruction to comply with a condition of mandatory supervision.

We reject Callahan's contention that, under such a circumstance, the Maryland Parole Commission[11] (part of the executive branch) usurps the judiciary's powers by essentially choosing conditions of probation.[12] The sentencing court—not any part of the executive branch—imposes the condition of probation that the probationer obey the probation agent's lawful instructions. And, as explained above in Part I, in granting probation, the sentencing court obviously contemplates that, if the probationer is released from imprisonment early under mandatory supervision, the probationer will comply with the conditions of mandatory supervision; thus, the sentencing court contemplates that the

---

[11]The Maryland Parole Commission may "negotiate, enter into, and sign predetermined parole release agreements[.]" CS § 7-205(a)(2).

[12]Callahan goes on to assert that the executive branch cannot choose a condition of probation, just as the judiciary cannot choose a condition of mandatory supervision. Cf. Simms, 65 Md. App. at 691, 501 A.2d at 1341 ("[T]he court may not impose conditions of parole[.]").

probationer will obey a probation agent's instruction to comply with a condition of mandatory supervision. In determining that a probationer has violated an order of probation by disobeying a probation agent's instruction to comply with a condition of mandatory supervision, a court does not allow the executive branch to usurp the judiciary's powers, but instead properly exercises the judiciary's power to conclude that the probation agent's instruction was lawful.

For the above reasons, a probation agent's instruction to comply with a condition of mandatory supervision is consistent with the separation of powers.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY. RESPONDENT/CROSS-PETITIONER TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.**